UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARAH CARR, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 06-0098 (ESH) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

DISTRICT OF COLUMBIA'S MOTION TO DISMISS AND TO STAY

Pursuant to Fed. R. Civ. P. 12(b)(6), 6(b)(1), 7(b), and LCvR 7(a), defendant the District of Columbia ("the District"), hereby moves this Honorable Court to dismiss the complaint based on plaintiffs' failure to state a claim upon which relief can be granted on plaintiffs' unreasonable seizure and false arrest claims. To the extent any of plaintiffs' claims remain after the disposition of this motion, the District also moves to stay its response to those claims until no sooner than 20 days after the Court's decision on the instant motion to dismiss. The District also moves to stay all discovery, including any Fed.R.Civ.P. 26(f) conference, until at least twenty (20) days after the District's answer is filed.

The grounds and the reasons are set forth more fully in the accompanying Memorandum of Points and Authorities and proposed Order.

Pursuant to LCvR 7(m), undersigned counsel attempted to discuss the subject motion with plaintiffs' counsel by telephone, but despite repeated messages, consent to the relief requested herein could not be obtained.

DATE: March 6, 2006                         Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


    /s/ Richard S. Love
RICHARD S. LOVE, D.C. Bar No. 340455
Chief, Equity I Section
Office of the Attorney General for the District of Columbia
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6635
Facsimile: (202) 727-0431


    /s/ Ellen A. Efros
ELLEN A. EFROS, D.C. Bar No. 250746
Assistant Attorney General
Equity 1
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 442-9886
Facsimile: (202) 727-0431
ellen.efros@dc.gov


    /s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity 1
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431
andy.saindon@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARAH CARR, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 06-0098 (ESH) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF
THE DISTRICT'S MOTION TO DISMISS AND TO STAY

The District Columbia, pursuant to Fed. R. Civ. P. 12(b)(6), moves this Court to dismiss the Complaint, and to stay further response by the District to the Complaint and all discovery until the instant motion to dismiss is decided. This memorandum of points and authorities is provided in support of the District's motion in accordance with LCvR 7(a). A proposed order is also included herewith pursuant to LCvR 7(c).

I. Introduction and Summary of Argument

Plaintiffs admit engaging in the action for which they were arrested. Complaint ¶¶ 5–8, 24. Plaintiffs' claims of unreasonable seizure and false arrest, however, are predicated on (and flow from) their assertion that "parading without a permit" is not an arrestable offense. Plaintiffs are incorrect.

Moreover, as the District will demonstrate herein, because "parading without a permit" is an arrestable offense, plaintiffs' remaining claims ("mistreatment" and assault and battery) will

turn on the individual facts and circumstances surrounding each arrest; hence a class action would be inappropriate here.

Staying the District's response until a ruling on the motion to dismiss would also be most efficient, as the issues raised in the instant motion are issues of law that do not involve issues of disputed fact. Similarly, staying discovery would prevent the potentially unnecessary expenditure of the parties' (and the Court's) time, resources, and energy. Further, granting the motion to dismiss will significantly change the nature of this action, altering the scope of any discovery necessary to resolve this case.

## II. Factual and Procedural Background

Plaintiffs' claims must be dismissed for failure to state a claim upon which relief may be granted, to the extent they are grounded on an erroneous interpretation of local law.

Plaintiffs apparently all participated in an unpermitted, mass march of "several hundred persons" late in the evening of January 20, 2005, following an "anti-inaugural concert." Complaint ¶¶ 5–9, 32.[1] The march blocked traffic, through its movements and by marchers pulling newspaper vending machines and debris into the street; marchers—some of whom were disguised—also broke windows and spray-painted graffiti on buildings in the area. *Id*. ¶¶ 21–23.

Plaintiffs were arrested by members of the Metropolitan Police Department ("MPD") and taken to an "arrest processing facility at Blue Plains," *id*. ¶ 32, where they were photographed and processed, and released early the next morning. *Id*. ¶ 39.

---

[1] The District does not admit the allegations of the Complaint except for the purposes of this motion.

2

Plaintiffs filed suit on or about January 19, 2006, and allege, *inter alia*, that their arrests were illegal because "parading without a permit" is "a pedestrian traffic infraction that subjects violators to a civil fine but not custodial arrest." *Id*. ¶ 1. Plaintiffs allege violations of the First and Fourth Amendments, *id*. ¶ 3, including "unreasonable seizure." *Id*. ¶ 43. Plaintiffs also assert common-law claims for false arrest and imprisonment. *Id*. ¶ 44.

III. Argument

Plaintiffs' allegations of unreasonable seizure and false arrest fail as a matter of law. In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept the allegations in the complaint as true. *See*, *e.g.*, *Croixland Properties Ltd. Partnership v. Corcoran*, 174 F.3d 213, 215 (D.C. Cir. 1999). All reasonable inferences must be drawn in favor of the plaintiff, and a court should only dismiss a complaint for failure to state a claim "'if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id*. (*quoting Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984)); *see also Price v. Crestar Secs. Corp.*, 44 F. Supp. 2d 351, 353 (D.D.C. 1999).

In a Rule 12(b)(6) analysis, while the complaint is to be construed liberally, courts "need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept the legal conclusions cast in the form of factual allegations." *Kowal v. MCI Communications Corp., Inc.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

The allegations in the Complaint of unreasonable seizure and false arrest fail as a matter of law. No factual development can resuscitate them. Here, plaintiffs admit that they participated

3

in a parade of "several hundred persons" without a permit. Officers from the MPD witnessed that behavior and arrested plaintiffs. Probable cause requires no more.

Generally, in cases involving claims under the Fourth Amendment, courts must undertake "a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interest against the countervailing governmental interests at stake." *Rogala v. District of Columbia*, 161 F.3d 44, 51 (D.C. Cir. 1998) (*per curiam*) (*quoting Graham v. Connor*, 490 U.S. 386, 396 (1989) (internal quotation omitted)). *See also, e.g., Delaware v. Prouse*, 440 U.S. 648, 654 (1979) ("[T]he permissibility of a particular law enforcement practice is judged by balancing its intrusion on the individual's Fourth Amendment interests against its promotion of legitimate governmental interests."). However, this "reasonableness" determination "is not in doubt where the search or seizure is based upon probable cause." *Whren v. United States*, 517 U.S. 806, 817 (1996) (*unanimous decision*). Because MPD had probable cause to arrest here, further analysis or "balancing" is unnecessary under the Fourth Amendment.

According to District law, a "parade" is "any formation, march, procession consisting of persons . . . or a combination of persons . . . traveling in unison with a common purpose upon any public street, highway, alley, sidewalk or other public way . . . ." Tit. 24 ("Public Space and Safety"), D.C. Mun. Reg. ("DCMR") § 705.1 (2004).[2] "[N]o parade shall be conducted without issuance of a permit." 24 DCMR § 707.7. Violation of this criminal provision is punishable by a fine of not more than $300. *Id*. at § 100.6 ("[A]ny person violating any provision of this title for

---

[2] While the definition of parade was amended shortly after the events alleged in the Complaint, the referenced definition was the one in effect at the time of the incident. *See* 52 D.C. Reg. 2296 (Mar. 11, 2005). D.C. Act 15-757, "First Amendment Rights and Police Standards Act of 2004," became effective on April 13, 2005. *See* Legislative History note, D.C. Official Code § 5-331.01 (2005 Supp.).

which a specific penalty is not provided shall, upon ***conviction***, be punished by a ***fine*** of not more than three hundred dollars ($300).") (emphasis added).³

Under District law, a law enforcement officer may arrest a person without a warrant, if the officer "has probable cause to believe [the person] has committed or is committing an offense in his presence . . . ." D.C. Official Code § 23-581(a)(1)(B) (2005 Supp.). *Cf. id.* at § (a-3) (officer may also make warrantless arrest where there is probable cause to believe that person has "committed an offense" involving: the defacing of public or private property (§ 22-3312.01); cross-burning or defacing a religious symbol (§ 22-3312.02); or wearing hoods or masks to avoid identification (§ 22-3312.03)).⁴

Similarly, probable cause to arrest without a warrant exists if an officer "reasonably believes" that an offense has occurred. *Hutchins v. District of Columbia*, 188 F.3d 531, 548 (D.C. Cir. 1999) (*en banc*) (*citing, inter alia, Ker v. California*, 374 U.S. 23, 34 (1963)).⁵

---

　　　³　　In addition to the referenced provisions, additional public-space restrictions apply to presidential inaugurations. *See* 24 DCMR Ch. 8 ("Presidential Inaugurations"); "Presidential Inaugural Ceremonies Act," approved Aug. 6, 1956, 70 Stat. 1051, *as amended*.

　　　⁴　　Even assuming that plaintiffs' claim is correct (*i.e.*, that the arrests here violated District law), that fact—alone—does not render the arrests impermissible under the Fourth Amendment. *See Cooper v. California*, 386 U.S. 58, 61 (1967) ("Just as a search authorized by state law may be an unreasonable one under [the Fourth Amendment], so may a search not expressly authorized by state law be justified as a constitutionally reasonable one."). *See also Barwood, Inc. v. District of Columbia*, 202 F.3d 290, 294 (D.C. Cir. 2000) ("Mere inconsistency with state, or even federal, law will not suffice to create a Fourth Amendment cause of action . . . .").

　　　⁵　　Moreover, the Supreme Court has suggested that a law enforcement officer need not actually witness the offense before making a permissible warrantless arrest. *See id.* at 340 n.11 (*citing Welsh v. Wisconsin*, 466 U.S. 740, 756 (1984) (White, J., dissenting) ("[T]he requirement that a misdemeanor must have occurred in the officer's presence to justify a warrantless arrest is not grounded in the Fourth Amendment.").

While "offense" in this context is undefined, the Supreme Court has regularly reaffirmed this general principle. *See, e.g., Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) ("If an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence he may, without violating the Fourth Amendment, arrest the offender."). If there is probable cause for an arrest, law enforcement officers may physically restrain a suspect, even for "minor offenses." *Hedgpeth v. WMATA*, 386 F.3d 1148, 1156 (D.C. Cir. 2004) (*citing Gerstein v. Pugh*, 420 U.S. 103 (1975) and *Atwater*).

Moreover, the Supreme Court has expressly rejected the proposition plaintiffs advance here—that the police may arrest without a warrant only for "jailable" crimes committed in their presence and not for "fine-only" offenses. *Id*. at 346–48. *See also Arkansas v. Sullivan*, 532 U.S. 769, 771 (2001) (*per curiam*) (police may arrest "for a fine-only traffic violation") (*citing Atwater*).

"Probable cause" is not capable of exact definition, but "depends on the totality of the circumstances." *Maryland v. Pringle*, 540 U.S. 366, 371 (2003) (*unanimous decision*). So long as the arresting officer has "a reasonable ground for belief of guilt," and that belief of guilt is "particularized" with respect to the person to be seized, probable cause has been met. *Id*. (*citing Brinegar v. United States*, 338 U.S. 160, 175 (1949) and *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979)). *See also Barham v. Ramsey*, 434 F.3d 565, 573 (D.C. Cir. 2006) (seizure must be supported by "probable cause particularized with respect to that person.") (*quoting Ybarra*).[6]

---

[6] *Barham* is distinguishable on both the law and the facts. In that case, the Circuit affirmed the denial of an individual MPD officer's motion for summary judgment, finding that the officer's order to arrest 386 people for "Failure to Obey an Officer" was impermissible, given that no prior order to disperse had been issued, and that the arrest was based, in part, on unlawful activity prior to the detainees' arrival in the park where they were arrested. *Barham*, 434 F.3d at 570–71. The Circuit found that, based primarily on *Dellums v. Powell*, 566 F.2d 167 (D.C. Cir. 1977) and *Washington Mobilization Comm. v. Cullinane*, 566 F.2d 107 (D.C. Cir. 1977), before

The Supreme Court has noted that while "mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause" to search or seize, particularized probable cause can exist where persons are "engaged in a common enterprise . . . ." *Pringle*, 540 U.S. at 372–73 (discussing cases). Here, *all* plaintiffs acknowledge that they were engaged in a common enterprise—an unpermitted march—hence, probable cause existed to arrest *each* of them.[7]

To determine whether there was probable cause for an arrest, a court must examine the events leading up to the arrest, and decide "'whether these historical facts, viewed from the standpoint of a reasonable police officer, amount to' probable cause." *Pringle*, 540 U.S. at 371 (*quoting Ornelas v. United States*, 517 U.S. 690, 696 (1996)). The test for probable cause here is objective, *i.e.*, whether a "prudent, reasonable, cautious police officer" believes an offense has occurred in his or her presence. *United States v. Brown*, 374 F.3d 1326, 1328 (D.C. Cir. 2004) (citations omitted); *Whren*, 517 U.S. at 813 ("Subjective intentions play no role in ordinary, probable-cause Fourth Amendment analysis"). *See also United States v. Jackson*, 415 F.3d 88, 91 (D.C. Cir. 2005) (the officers' "actual motives [are] not relevant as long as [their] actions were objectively reasonable.") (citation omitted). Articulating when probable cause exists is a "common sense" determination, and activities that may appear "innocent to a lay person may

---

the police may effect a "mass arrest" for failure to obey an order, officers must first actually give an order (such as to disperse) and a "reasonable opportunity" to comply. *Barham*, 434 F.3d at 576.

Here, in contrast, no such order or warning was necessary, as the charged offense—parading without a permit—was violated by each marcher the moment they marched together (and were personally observed by the MPD), hence the MPD had the "particularized" probable cause to arrest that was missing in *Barham*.

[7]   All named plaintiffs "joined the march" save one. Complaint ¶¶ 5–8. Plaintiff Singer alleges that he "mingled with the marchers." *Id*. at 24.

7

have entirely different significance to an experienced [law enforcement] officer." *United States v. Gilliam*, 167 F.3d 628, 633 (D.C. Cir. 1999) (*quoting Illinois v. Gates*, 462 U.S. 213, 231 (1983) and *United States v. Catlett*, 97 F.3d 565, 573–74 (D.C. Cir. 1996)).

Because applications for parade permits were then required to be made to the MPD, it was clearly aware, collectively, that the march underlying the Complaint did not have a permit.[8] Additionally, any objectively reasonable police officer, observing "several hundred persons" marching together at that time and in that location, had probable cause to believe that a violation of District law had occurred.

"[A]cting upon observed violations" affords the "'quantum of individualized suspicion' necessary to ensure that police discretion is sufficiently constrained." *Whren*, 517 U.S. at 817–18 (*quoting Prouse*, 440 U.S. at 654–55). Because MPD collectively "saw" District law being violated by everyone involved in the march, it had probable cause to arrest.

"[P]robable cause to believe that the law has been broken 'outbalances' private interest in avoiding police contact." *Whren*, 517 U.S. at 818 (balancing analysis only necessary where searches or seizures were conducted "in an extraordinary manner, unusually harmful to an individual's privacy or even physical interests") (citing cases).

Plaintiffs allege that "parading without a permit" is "a pedestrian traffic infraction that subjects violators to a civil fine, but not custodial arrest." Complaint ¶ 1. Plaintiffs are incorrect

---

[8] Information collectively known to the police at the time of the arrest is constitutionally sufficient to justify probable cause. *See, e.g., Prince v. United States*, 825 A.2d 928, 933 (D.C. 2003) (*citing, inter alia, Daniels v. United States*, 393 F.2d 359, 361 (D.C. Cir. 1968) ("There is no requirement that the arresting officer have sufficient firsthand knowledge to constitute probable cause. It is enough that the police officer initiating the chain of communication . . . had firsthand knowledge . . . .")). Here, even if the arresting officers had *not* witnessed the unpermitted marching, the collective knowledge of MPD is sufficient to provide probable cause for the warrantless arrests.

as a matter of law. For the reasons discussed previously, "parading without a permit" is a criminal offense for which a person can be "convicted." Even assuming, however, that Plaintiffs are correct in their interpretation of the offense as an "infraction," their arrests still were constitutionally permissible.

So long as an arresting officer reasonably believes that a person is "violating an indisputably criminal statute in his presence," the officer has probable cause to arrest that person. *Scott v. United States*, 878 A.2d 486, 488 (D.C. 2005). In *Scott*, the defendant—like plaintiffs here—claimed that his arrest violated his Fourth Amendment rights because the offense charged was "only a civil infraction, not a criminal offense . . . ." *Id*. The D.C. Court of Appeals disagreed, holding that the arresting officer's "alleged mistake of law" was immaterial, "regardless of his actual reason for making the arrest," so long as he had probable cause to arrest. The DCCA cited the well-established proposition that an officer's subjective reasons for the arrest are irrelevant, so long as probable cause exists. *Id*. at 489 (*citing, inter alia, Devenpeck v. Alford*, 543 U.S. 146, 153 (2004)).

> While we can inquire into the reasonableness of the manner in which the arrest was conducted, [w]e cannot inquire further into the reasonableness of a decision to arrest when it is supported by probable cause. That is true whether the decision to arrest upon probable cause is made by the officer on the beat or at a more removed policy level.

*Hedgepeth*, 386 F.3d at 1158–59 (citation omitted).

In *Scott*, the DCCA found that the arresting officer could have reasonably believed that the suspect was violating any one of several criminal statutes, such as those governing disorderly conduct (D.C. Official Code § 22-1321) or defacing private property (D.C. Official Code § 22-3312.01), hence the *actual* belief of the arresting officer at the time was irrelevant. *Id*. at 488–89.

9

Identically here, even if "parading without a permit" is only a civil infraction not subjecting violators to custodial arrest, plaintiffs' arrests were reasonable (and hence constitutional) because the arresting officers could have reasonably believed that plaintiffs were violating any number of criminal statutes. *See, e.g.*, D.C. Official Code §§ 22-1322 ("Rioting or inciting to riot"); 22-3320 ("Obstructing public road"). Consequently, there was ample probable cause to arrest plaintiffs here, regardless of the arresting officers' actual beliefs at the time, or the offense eventually charged. *See Devenpeck*, 543 U.S. at 153 (arresting officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause.").

Because the elements of a constitutional false-arrest claim are "substantially identical" to the elements of a common-law false-arrest claim, *Scott v. District of Columbia*, 101 F.3d 748, 753–54 (D.C. Cir. 1996), and because probable cause existed for the arrests here, plaintiffs' false-arrest and unreasonable-seizure claims must be dismissed.

*A Stay Would Be Efficient Here.*

Fed. R. Civ. P. 6(b)(1) permits an enlargement of time, such as that requested herein, "if request therefor is made before the expiration of the period originally prescribed . . ." for cause shown. Because this matter is based largely on a disputed interpretation of local law, a stay until the court can resolve the wholly legal issue would be most efficient, potentially avoiding unnecessary expenditure of resources and focusing the issues to be decided. Moreover, if the instant motion were granted in whole or in part, the scope of potential discovery would be reduced.

A trial court has broad discretion to order a complete or partial stay of proceedings. *See, e.g., IBT/HERE Employee Representatives Council v. Gate Gourmet Division Americas*, 402 F.Supp.2d 289, 292 (D.D.C. 2005) (*citing Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 (1988). *See also Clinton v. Jones*, 520 U.S. 681, 707 (1997) ("[A plaintiff] may be required to submit to delay not immoderate in extent and not oppressive in its consequences if the public welfare or convenience will thereby be promoted.") (*quoting Landis*).

The Federal Rules of Civil Procedure are designed to achieve "a just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Accordingly, courts are empowered to "make any order which justice requires to protect a party . . . from . . . undue burden or expense," including an order that discovery not be conducted. Fed. R. Civ. P. 26(c). Similarly, a court may alter the sequence and timing of discovery "for the convenience of the parties and witnesses." Fed. R. Civ. P. 26(d).

Here, a stay should be granted because the District's motion to dismiss may alter the scope of discovery and the future course of the litigation. *See IBT/HERE*, 402 F.Supp.2d at 292–93 (stay granted "[i]n the interest of judicial economy," because "pending matters . . . may affect the future scope and necessity of litigation in this court.").

If the District's motion is granted, discovery prior to the Court's decision could result in an unnecessary expenditure of the time, resources, and energy of the parties and the Court. To avoid such an unnecessary expenditure, courts in this and other jurisdictions routinely grant motions to stay until a dispositive motion is decided by the trial court. *See, e.g., Institute Pasteur*

*v. Chiron Corp.,* 315 F. Supp.2d 33, 37 (D.D.C. 2004); *Brennan v. Local Union No. 639,* 494 F.2d 1092, 1100 (D.C. Cir. 1974) (upholding grant of protective order staying discovery until after ruling on summary judgment motion); *White v. Fraternal Order of Police,* 909 F.2d 512, 517 (D.C. Cir. 1998); *Moldea v. The New York Times,* 137 F.R.D. 1 (D.D.C. 1990); *cf. Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

A stay here would also clearly promote efficiency. *See, e.g., Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned and to make the most efficient use of judicial resources.'" (citations omitted)).

Of course, whether to stay discovery is committed to the trial court's discretion, but the court in *Chavous* required that the party opposing the stay come forward with some concrete explanation or persuasive reason why the stay should not be granted when a dispositive motion is pending, as it is here—for example, a need for discovery in order to oppose a dispositive motion. 201 F.R.D. at 3 ("Plaintiffs do not contend . . . that they would be unable to file their oppositions to defendants' motions to dismiss in the absence of such discovery. [P]laintiffs have never suggested that they need the discovery they now seek in order to oppose the pending motions to dismiss.").

IV. Conclusion

For the foregoing reasons, the District moves to dismiss plaintiffs' claims of unreasonable seizure and false arrest, and to stay the District's further response to the Complaint until no sooner than 20 days after a decision on the motion to dismiss. The District also moves

to stay all discovery, including any Fed.R.Civ.R. 26(f) conference, until at least twenty days after the District's answer is filed.   A proposed Order is attached hereto.

DATE: March 6, 2006               Respectfully submitted,

                                  ROBERT J. SPAGNOLETTI
                                  Attorney General for the District of Columbia

                                  GEORGE C. VALENTINE
                                  Deputy Attorney General
                                  Civil Litigation Division

                                       /s/ Richard S. Love
                                  RICHARD S. LOVE, D.C. Bar No. 340455
                                  Chief, Equity I Section
                                  Office of the Attorney General for the District of Columbia
                                  441 Fourth Street, N.W., 6th Floor South
                                  Washington, D.C. 20001
                                  Telephone: (202) 724-6635
                                  Facsimile: (202) 727-0431

                                       /s/ Ellen A. Efros
                                  ELLEN A. EFROS, D.C. Bar No. 250746
                                  Assistant Attorney General
                                  Equity 1
                                  441 Fourth Street, N.W., 6th Floor South
                                  Washington, D.C. 20001
                                  Telephone: (202) 442-9886
                                  Facsimile: (202) 727-0431
                                  ellen.efros@dc.gov

                                       /s/ Andrew J. Saindon
                                  ANDREW J. SAINDON, D.C. Bar No. 456987
                                  Assistant Attorney General
                                  Equity 1
                                  441 Fourth Street, N.W., 6th Floor South
                                  Washington, D.C. 20001
                                  Telephone: (202) 724-6643
                                  Facsimile: (202) 727-0431
                                  andy.saindon@dc.gov