UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
SARAH CARR, *et al.*,               )
                                    )
            Plaintiffs,             )
                                    )
    v.                              )   Civil Action No. 06-0098 (ESH)
                                    )   **JURY TRIAL DEMANDED**
DISTRICT OF COLUMBIA,               )
                                    )
            Defendant.              )
_____)

## ANSWER OF DEFENDANT DISTRICT OF COLUMBIA TO COMPLAINT

Pursuant to Fed.R.Civ.P. 7(a), 8(b), and 12(a) and (b), the District of Columbia (hereafter "the District" or "Defendant"), by and through undersigned counsel, hereby respectfully answer the Complaint in the above-captioned case. For ease of reference only, Defendant refers to the headings appearing in the Complaint in responding herein.

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted against the District.

### SECOND DEFENSE

In response to the numbered allegations of the Complaint, the District states as follows:

### INTRODUCTION

1. With respect to the allegations of paragraph 1 of the complaint, Defendant admits that this purports to be a class action for damages and other relief and that on the evening of January 20, 2005, the District of Columbia Metropolitan Police Department

("MPD") arrested plaintiffs for "parading without a permit" for participating in a demonstration without a police permit in the Adams Morgan neighborhood in Washington, D.C. The remaining allegations of paragraph 1 are Plaintiffs' factual characterizations and legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations.

2. The allegations of paragraph 2 of the complaint are plaintiffs' factual characterizations and legal conclusions to which no response if required. To the extent a response is required, Defendant denies the allegations

## JURISDICTION AND VENUE

3. The District admits the statutory references cited in paragraph 3 of the complaint, but denies that they necessarily confer jurisdiction on this Court.

4. The District admits the statutory reference cited in paragraph 4 of the complaint and admits that the alleged events or omissions purportedly giving rise to plaintiffs' claims occurred in this judicial district and denies the remaining allegations of paragraph 4 of the complaint.

## PARTIES

5. Defendant admits that Plaintiff Carr was arrested on January 20, 2005, that she was charged with parading without a permit and released on citation and that the police did not give an order to disperse prior to her arrest. Defendant denies the allegation that Plaintiff Carr committed no act providing probable cause for her arrest. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 or such allegations are plaintiffs' factual

characterizations and legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations.

      6.      Defendant admits that Plaintiff Allyson Kirk was arrested on January 20, 2005, that she was charged with parading without a permit, released after she elected to "post and forfeit" $50, and admit that the police did not give an order to disperse prior to her arrest. Defendant denies the allegation that Plaintiff Allyson Kirk committed no act providing probable cause for her arrest. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 6 or such allegations are plaintiffs' factual characterizations and legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations.

      7.      Defendant admits that Plaintiff Chelsea Kirk was arrested on January 20, 2005, that she was charged with parading without a permit, released after she elected to "post and forfeit" $50, and admit that the police did not give an order to disperse prior to her arrest. Defendant denies the allegation that Plaintiff Chelsea Kirk committed no act providing probable cause for her arrest. Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 7 or such allegations are plaintiffs' factual characterizations and legal conclusions to which no response is required. To the extent a response is required, the District denies the allegations.

      8.      Defendant admits that Plaintiff Scolnik was arrested on January 20, 2005, that he was charged with parading without a permit, released after he elected to "post and forfeit" $50, and admit that the police did not give an order to disperse prior to his arrest.

Defendant denies the allegation that Plaintiff Scolnik committed no act providing probable cause for her arrest.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 8 or such allegations are plaintiffs' factual characterizations and legal conclusions to which no response is required.  To the extent a response is required, the District denies the allegations.

9. Defendant admits that Plaintiff Matthew Singer was arrested on January 20, 2005, that he was charged with parading without a permit, released after he elected to "post and forfeit" $50, and admit that the police did not give an order to disperse prior to his arrest.  Defendant denies the allegation that Plaintiff Singer committed no act providing probable cause for his arrest.  Defendant is without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 9 or such allegations are plaintiffs' factual characterizations and legal conclusions to which no response is required.  To the extent a response is required, the District denies the allegations.

10. Defendant admits the allegations of paragraph 10 of the complaint.

**CLASS ALLEGATIONS**

11. Defendant admits that Plaintiffs purport to bring this suit as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and admits the code references cited therein.  The remaining allegations of paragraph 11 are plaintiffs' factual characterizations and legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations.

12. Defendant admits that approximately seventy-two persons were arrested in the arrest described in the complaint and that the number and identities of the arrestees

are known to Defendant through the arrest records of the MPD. The remaining allegations are plaintiffs' factual characterizations and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

13. The allegations of paragraph 13 and all subparts thereof are plaintiffs' legal conclusions to which no response is required.

14. With respect to the allegations of paragraph 14, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations or such allegations are plaintiffs' legal conclusions to which no response is required. To the extent a response is required, Defendant denies said allegations.

15. With respect to the allegations of paragraph 15, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations or such allegations are plaintiffs' legal conclusions to which no response is required. To the extent a response is required, Defendant denies said allegations.

16. With respect to the allegations of paragraph 16, Defendant is without knowledge or information sufficient to form a belief as to the truth of such allegations or such allegations are plaintiffs' legal conclusions to which no response is required. To the extent a response is required, Defendant denies said allegations.

## FACTS

### Mass Arrest in Adams Morgan

17. Defendant admits plaintiffs all were participants in a street demonstration in Adams Morgan the evening of January 20, 2005, for which no permit had been obtained and that Plaintiffs were arrested by officers of the MPD. The remaining

allegations of paragraph 17 are plaintiffs' factual characterizations and legal conclusions to which no response is required.

18.     Defendant admits that January 20, 2005 was the date of the second inauguration of President George W. Bush, when the District of Columbia was the scene of many celebrations and protests of this event.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 18 or the remaining allegations are plaintiffs' factual characterizations and legal conclusions to which no response is required.

19.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19 or the allegations are plaintiffs' factual characterizations and legal conclusions to which no response is required.

20.     Defendant admits that the demonstration included several hundred people, that the march headed west along Columbia Road in the referenced timeframe, and that marchers were in the street.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 20 or the allegations are plaintiffs' factual characterizations or legal conclusions to which no response is required.

21.     With respect to the allegations of paragraph 21, Defendant admits that at some point an unmarked police followed slowly behind the marchers at some point and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations or such allegations are plaintiffs' factual characterizations and legal conclusions to which no response is required

22.     Defendant admits that some of the marchers were wearing bandanas over their faces, that newspaper vending machines were pulled into the street, that paint was sprayed on some buildings, and that windows were broken. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 22 or such allegations are plaintiffs' factual characterizations and legal conclusions to which no response is required.

23.     With respect to the allegations of paragraph 23, Defendant admits that at some point a helicopter appeared, the marchers turned onto 18th Street, and that the MPD officers blocked off Columbia Road. The remaining allegations of paragraph 23 are plaintiffs' factual characterizations and legal conclusions to which no response is required.

24.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24.

25.     Defendant admits that many of the marchers turned right onto Belmont Road, that some marchers turned right into an alley, and is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations or such allegations are plaintiffs' factual characterizations and legal conclusions to which no response is required.

26.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26 or such allegations are plaintiffs' factual characterizations and legal conclusions to which no response is required.

27.     Defendant admits that the MPD detained some of the marchers in a part of an alley. Defendant is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations of paragraph 27 or such allegations are plaintiffs' factual characterizations or legal conclusions to which no response is required.

28. Defendant admits that the MPD detained some marchers in a part of an alley. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 28 or such allegations are plaintiffs' factual characterizations and legal conclusions to which no response is required.

29. Defendant admits that police arrested plaintiffs. The remaining allegations of paragraph 29 are plaintiffs' factual characterizations or legal conclusions to which no response is required.

**Detention and Release**

30. Defendant admits that MPD officers arrested plaintiffs and approximately sixty-seven other persons and detained them together in one alley. The remaining allegations are plaintiffs' factual characterizations or legal conclusions to which no response is required.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 31 of the complaint or the allegations are plaintiffs' factual characterizations or legal conclusions to which no response is required.

32. Defendant admits that transport vans arrived, that plaintiffs and others were processed for identification, and that the arrestees were loaded onto vans and transported to the arrest processing facility at Blue Plains. The remaining allegations of paragraph 32 are plaintiffs' factual characterizations and legal conclusions to which no response is required.

33. Defendant admits that the handcuffs used were plastic. As for the remaining allegations of paragraph 33, Defendant is without knowledge or information sufficient to form a belief as to the truth thereof or such allegations are plaintiffs' factual characterizations or legal conclusions to which no response is required.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 34 of the complaint or such allegations are plaintiffs' factual characterizations or legal conclusions to which no response is required.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 of the complaint or such allegations are plaintiffs' factual characterizations or legal conclusions to which no response is required.

36. Defendant admits the allegations of paragraph 36 of the complaint.

37. Defendant admits that police removed handcuffs that had been applied during the arrests and handcuffed the arrestees with soft, plastic "flex-cuffs." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 37 or the allegations are plaintiffs' factual characterizations and legal conclusions to which no response is required.

38. Defendant admits that plaintiffs and others were charged with "parading without a permit" and given written information concerning release options, including the "post-and-forfeit" option. Defendant admits that Plaintiffs Scolnik, Singer, and the Kirk sisters chose the "post-and-forfeit" option and that Ms. Carr chose to contest the charge. The remaining allegations are plaintiffs' factual characterizations and legal conclusions to which no response is required.

39. Defendant admits that police released plaintiffs and other arrestees on the morning of January 21, 2005. The remaining allegations are plaintiffs' factual characterizations and legal conclusions to which no response is required.

### Liability of the District of Columbia

40. Defendant admits that all of the law enforcement officers who arrested and detained plaintiffs were MPD officers. The remaining allegations are plaintiffs' legal conclusions to which no response is required.

41. Defendant denies that plaintiffs were arrested and detained for the pedestrian civil traffic infraction of parading without a permit. The remaining allegations are plaintiffs' legal conclusions to which no response is required.

42. The allegations of paragraph 42 are plaintiffs' factual characterizations and legal conclusions to which no response is required. To the extent a response is required, Defendant denies said allegations.

### CONSTITUTIONAL CLAIMS FOR RELIEF

43. Defendant denies the allegations of paragraph 43 of the complaint.

### COMMON LAW CLAIMS FOR RELIEF

44. Defendant denies the allegations of paragraph 44 of the complaint.

45. Defendant denies the allegations of paragraph 45 of the complaint.

46. Defendant denies the allegations of paragraph 46 of the complaint.

47. Defendant admits that the notice requirement of D.C. Code §12-309 has been satisfied as to the named plaintiffs and denies the remaining allegations of paragraph 47 of the complaint.

The District further answers that all allegations not specifically admitted are denied.

### THIRD DEFENSE

Plaintiffs are barred from any equitable relief or damages by virtue of the illegality of their own actions.

### FOURTH DEFENSE

The District, at all relevant times herein, acted consistently with relevant and applicable laws, rules, regulations, constitutional provisions, and standards of care.

### FIFTH DEFENSE

Plaintiffs' common law claims, including those of any purported class members, are limited to the extent of their compliance with D.C. Code §12-309.

### SIXTH DEFENSE

Plaintiffs' claims, including those of any purported class members, are limited to the extent Plaintiffs failed to mitigate their damages.

### SEVENTH DEFENSE

The District reserves the right to assert any and all defenses which are supported by the facts learned through discovery or at trial herein.

### JURY DEMAND

Defendant, District of Columbia, hereby demands trial by jury on all claims and defenses.

DATED:  August 31, 2006              Respectfully submitted,

                                     ROBERT J. SPAGNOLETTI

Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


      /s/ Richard S. Love
RICHARD S. LOVE, D.C. Bar No. 340455
Chief, Equity I Section


      /s/ Ellen A. Efros
ELLEN A. EFROS, D.C. Bar No. 250746
Assistant Attorney General
Equity 1
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 442-9886
Facsimile: (202) 727-0431
ellen.efros@dc.gov


      /s/ Andrew J. Saindon
ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General
Equity 1
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
Telephone: (202) 724-6643
Facsimile: (202) 727-0431
andy.saindon@dc.gov