UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARAH CARR, *et al.*, | ) |
|               Plaintiffs, | ) |
|           v. | ) Civ. A. No. 06-00098 (ESH) |
| DISTRICT OF COLUMBIA, | ) |
|               Defendant. | ) |

**JOINT REPORT PURSUANT TO LOCAL CIVIL RULE 16.3(d)**

Plaintiffs and defendant file this report pursuant to Local Civil Rule 16.3(d).

**1. Dispositive Motions**

Defendant's liability and (if defendant is liable) equitable relief for the class may be resolved by dispositive motion.

**2. Joinder of Parties, Amendment of Pleadings, Narrowing of Issues**

Other parties will not be joined. No deadline should be set for amendment of pleadings. The factual and legal issues have been identified and narrowed as much as they can be.

**3. Assignment of a Magistrate Judge**

The parties do not consent to the assignment of this case to a Magistrate Judge for all purposes.

**4. Whether there is a Realistic Possibility of Settlement**

If defendant is found liable, there is a realistic possibility of settlement.

**5. Alternative Dispute Resolution**

Alternative Dispute Resolution or neutral evaluation would not be useful at this time.  Alternative Dispute Resolution or neutral evaluation may become useful if defendant is found liable.

**6. Summary Judgment**

Defendant's liability and (if defendant is liable) equitable relief for the class may be resolved by cross motions for summary judgment.  No motion schedule should be set at this time.

**7. Initial Disclosures**

The parties stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P.

**8. Discovery Matters**

**Parties' Agreement**:  The parties should follow the Federal Rules of Civil Procedure regarding the number of interrogatories and depositions, except that the parties should be allowed by motion to seek to exceed either number if the need arises.
**Plaintiffs' Position**:  Discovery as to liability, equitable relief, and damages of the class representatives should begin immediately after the entry of a scheduling order and be completed by May 30, 2007.  If defendant is found liable, a schedule for and any limits

on discovery of class members' identities and damages should be set thereafter, if a class is certified, except that discovery of the identities of the class members should occur immediately if a class is certified and defendant and the class representatives reach a proposed settlement (so that the class can be notified of the proposed settlement).

**Defendant's Position**:  Discovery as to all matters should begin immediately after the entry of a scheduling order and be completed by May 30, 2007, or if a class is certified, discovery as to class members should be completed within eight (8) months after the certification order is served and an order is entered permitting discovery of class members.

## 9. Expert Witnesses

The parties will not present expert witnesses.

## 10. Class Certification

Plaintiffs will file a motion for class certification on or before September 28, 2006.  No modification of the deadlines for opposition and reply should be made at this time.  Oral argument should not be needed.  The parties propose that the motion be decided on or before November 17, 2006.

## 11.  Bifurcation

**Plaintiffs' Position**:  Discovery and determination by motion or trial of defendant's liability, equitable relief, and the damages of the class representatives should be bifurcated from discovery and determination by motion or trial of the identities and damages of the class, if a class is certified (except that, discovery of the identities of the

class members should begin immediately if the parties agree on a proposed settlement). Bifurcation in this manner would be efficient and conserve the parties' resources. With this bifurcation, if defendant is found not liable, no time and resources will be spent discovering and adjudicating the identities and damages of the class members. If defendant is found liable, however, the damages awarded to the class representatives will be benchmarks that likely will facilitate settlement without need for a second trial.

**Defendant's Position**:  There should be no bifurcation.  Defendants should not be limited to discovery of the hand-selected class representatives for purposes of liability or any asserted "benchmarks" for damages.

**12. Pretrial Conference**

The pretrial conference date, if any, should be set by future order.

**13. Trial Date**

The trial date, if any, should be set at the pretrial conference.

**14. Other Matters**

None.

                                              Respectfully submitted,

                                              /s/

                                        Arthur B. Spitzer, D.C. Bar No. 235960
                                        Fritz Mulhauser, D.C. Bar No. 455377
                                        American Civil Liberties Union
                                        of the National Capital Area
                                        1400 20th Street, NW, #119
                                        Washington, DC 20036
                                        202/457-0800

/s/
_____
Daniel M. Schember, D.C. Bar #237180
Susan B. Dunham, D.C. Bar # 362378
Gaffney & Schember, P.C.
1666 Connecticut Avenue, N.W., Suite 225
Washington, D.C. 20009
202/328-2244

On behalf of the D.C. Chapter, National Lawyers Guild and the American Civil Liberties Union of the National Capital Area

Counsel for Plaintiffs

ROBERT J. SPAGNOLETTI
Attorney General, D.C.

GEORGE C. VALENTINE
Deputy Attorney General, D.C.
Civil Litigation Division

/s/
_____
RICHARD S. LOVE, D.C. Bar No. 340455
Chief, Equity I
441 Fourth Street, N.W., 6th Floor South
Washington, D.C. 20001
202/724-6635

/s/
_____
ELLEN A. EFROS, D.C. Bar No. 250746
Assistant Attorney General, D.C.
Equity I
441 Fourth Street, N.W., 6th Floor South
Washington, DC 20001
202-442-9886

/s/

ANDREW J. SAINDON, D.C. Bar No. 456987
Assistant Attorney General, D.C.
Equity I
441 Fourth Street, N.W., 6th Floor South
Washington, DC 20001
202-724-6643

Counsel for Defendant

September 8, 2006