UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARAH CARR, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    Civ. A. No. 06-00098 (ESH) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO EXTEND TIME TO COMPLETE DEPOSITION DISCOVERY AND TO RESCHEDULE STATUS CONFERENCE**

Defendant's memorandum correctly states that plaintiffs consent to the scheduling on or before October 5, 2007, of the following eight depositions: plaintiffs' Fed. R. Civ. P. 30(b)(6) deposition of defendant, plaintiffs' deposition of MPD Chief Cathy Lanier, plaintiffs' depositions of four other MPD witnesses, and defendant's depositions of three videographers. Defendant's statement on page 3 of its memorandum that "[d]iscussions relating to the existing interrogatory responses may result in the identification of another potential deponent," however, addresses a matter unfamiliar to plaintiffs. Plaintiffs have not consented to the scheduling after August 31 of any other depositions. If defendant contemplates only one more deposition, plaintiffs may consent to it, but they have not done so to date.[1]

Defendant's memorandum correctly states that the parties have discussed an issue regarding the composition of the class. Plaintiffs maintain that the class includes juveniles as

---

[1] Defendant has deposed all of the class representatives. Defendant has not chosen to depose any witnesses named in plaintiffs' interrogatory answers other than the three videographers. Plaintiffs are unaware of defendant's need to depose anyone else, but will consider any need that defendant articulates and object to one more deposition only if plaintiffs believe there is good reason for objection.

well as adults whom the police trapped and arrested.  Defendant asserts that the class does not

include juveniles.  Defense counsel informed plaintiffs' counsel that he believes the issue should

be discussed at a status conference in early September.  Plaintiffs' counsel replied that if

defendant intended to request an early September conference for this purpose, plaintiffs asked

that the date be September 6, 7, 10, or 11.  By this reply, however, counsel did not intend to

express agreement that the issue needs to be discussed at an early September conference.[2]

Plaintiffs do not oppose discussion of the issue at a hearing, but they suggest that there is

no immediate need to address it and that discussion would be more focused if the parties briefed

the issue if and when it becomes ripe.  There is no need to decide whether juveniles are in the

class before the merits are resolved or settlement is proposed.  Available information indicates

that the number of juveniles who may be class members is small.  *See The Washington Post*

(January 22, 2005) at B1 ("Police said six juveniles also were charged with curfew violations").[3]

If the issue becomes ripe and is still disputed by the parties, plaintiffs will file a motion for

clarification of the class definition.  There is no need to have a status conference now simply to

discuss this potential issue, prior to briefing.

For these reasons, plaintiffs have attached an alternative proposed order that (1) specifies

the depositions that may be taken on or before October 5, 2007; (2) states that defendant may

take one additional deposition if plaintiffs consent to it; and (3) cancels the September 5, 2007,

---

[2] Several weeks ago, counsel for plaintiffs asked defense counsel to consent to a motion to reschedule the September 5, 2007, status conference due to conflict with plaintiffs' counsel's attendance at a family reunion in Florida.  Defense counsel consented.  At the time, it was contemplated that the parties would seek to reschedule the conference for a date after completion of discovery.  Defense counsel recently expressed the view that the question whether juveniles are in the class should be discussed at an early September conference.

[3] Participation in First Amendment activities, however, is excepted from the curfew.  D.C. Code § 2-1543(b)(1)(H).

status conference; and (4) directs the parties within ten days of completion of the discovery

allowed by the order to inform the court of dates when they are available for a status conference.

Respectfully submitted,

/s/ Arthur B. Spitzer
Arthur B. Spitzer, D.C. Bar No. 235960
Fritz Mulhauser, D.C. Bar No. 455377
American Civil Liberties Union
of the National Capital Area
1400 20th Street, NW, #119
Washington, DC 20036
202/457-0800

/s/ Daniel M. Schember
Daniel M. Schember, D.C. Bar #237180
Susan B. Dunham, D.C. Bar # 362378
Gaffney & Schember, PC
1666 Connecticut Avenue, NW, Suite 225
Washington, DC 20009
202/328-2244

On behalf of the D.C. Chapter, National Lawyers
Guild and the American Civil Liberties Union of the
National Capital Area

Counsel for Plaintiffs

August 18, 2007