UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

)
SARAH CARR, *et al*.,                          )
                                               )
                      Plaintiffs,              )
                                               )
       v.                                      )        Civ. A. No. 06-00098 (ESH)
                                               )
DISTRICT OF COLUMBIA,                          )
                                               )
                      Defendant.               )
_____)

## PLAINTIFFS' MOTION FOR SCHEDULING ORDER

Plaintiffs move the Court for an order establishing the following schedule: January 25, 2008, plaintiffs' motion for partial summary judgment; February 22, 2008, defendant's opposition, cross motion and any discovery motion; March 14, 2008, plaintiffs' reply and opposition(s); March 28, 2008, defendant's reply or replies.  Defendant opposes this schedule, and wants earlier due dates.

In support of this motion, plaintiffs rely on the accompanying memorandum.

Respectfully submitted,

/s/ Arthur B. Spitzer
Arthur B. Spitzer, D.C. Bar No. 235960
Fritz Mulhauser, D.C. Bar No. 455377
American Civil Liberties Union
of the National Capital Area
1400 20th Street, NW, #119
Washington, DC 20036
202/457-0800

/s/ Daniel M. Schember
Daniel M. Schember, D.C. Bar #237180
Susan B. Dunham, D.C. Bar # 362378
Gaffney & Schember, PC
1666 Connecticut Avenue, NW, Suite 225
Washington, DC 20009
202/328-2244

On behalf of the D.C. Chapter, National Lawyers
Guild and the American Civil Liberties Union of the
National Capital Area

Counsel for Plaintiffs

October 6, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARAH CARR, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )    Civ. A. No. 06-00098 (ESH) |
| | ) |
| DISTRICT OF COLUMBIA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF
PLAINTIFFS' MOTION FOR SCHEDULING ORDER**

Plaintiffs have completed discovery and intend to file a motion for partial summary judgment on liability and equitable relief.[1]  Plaintiffs' proposed schedule is appropriate in light of the substantial effort required to prepare the motion, counsel's other obligations, and counsel's planned leave from work.

**Effort Required**

Plaintiffs' motion will address plaintiffs' First and Fourth Amendment and common law class claims, as well as the individual excessive force claims of two plaintiffs.  Regarding the class claims, the motion will show that District of Columbia custom, policy, and practice concerning street demonstrations having no written permit caused or subjected plaintiffs to be arrested in violation of the First Amendment.  The motion also will show that, even if District law made parading without a permit a criminal offense, the police, because they arrested plaintiffs without warning, lacked probable cause as to an essential element of the offense— namely, that plaintiffs knew both that the march had no written permit and that police on the

---

[1] Defendant has indicated that one of the videographers whom it wants to depose is not available until November.  Plaintiffs have no objection to deposition of this witness in November.

scene had decided not to allow the march. Plaintiffs knew neither of these things, before they were arrested.

Alternatively, plaintiffs' motion will show that defendant's enforcement policy and practice did not treat parading without a permit as a criminal offense. Finally, the motion will show that, contrary to defendant's view, police lacked probable cause to arrest plaintiffs for the criminal misconduct that was committed by others in the vicinity of plaintiffs' march.

Preparation of plaintiffs' motion will require substantial effort. Based on their experience in preparing similar motions, and their knowledge of the evidence in this case, counsel for plaintiffs estimate that 120-160 hours of attorney time will be required. Counsel expect that plaintiffs' opposition to defendant's cross motion will require 30-40 hours, and plaintiffs' reply, 15-20 hours.

Additional work may be necessary. On September 26, 2007, defendant sent plaintiffs a letter indicating that defendant may file discovery motions seeking orders awarding defendant an adverse inference and deeming other matters admitted. By letter dated October 3, 2007, plaintiffs replied in detail reviewing the record and citing law as to why neither order would be warranted.

If defendant decides to file the discovery motions, they should be briefed simultaneously with the dispositive motions. Plaintiffs' oppositions would show not only that the motions lack merit under the law of discovery, but also that the adverse inference and matters defendant wants admitted are irrelevant to plaintiffs' claims, and that for this reason the Court need not decide the discovery law issues. Plaintiffs could best make this showing based on full presentation of plaintiffs' claims in their dispositive motion. Simultaneous briefing therefore is appropriate.

If defendant were to file the contemplated discovery motions, counsel expects that preparation of plaintiffs' opposition would require 15-20 hours of work.

**Counsel's Other Obligations**

Mr. Schember and Ms. Dunham are responsible for preparation of plaintiffs' papers. In addition to handling public interest contingent-fee litigation like this case, they represent a national union of Department of Defense employees and several union chapters. Counsel must charge the unions an hourly rate that is well below-market because the unions require a high volume of work to meet their needs and cannot afford to pay the market rate. Conversely, counsel must do a high volume of work for these clients in order to have sufficient monthly receipts to maintain the financial viability of their practice.[2]

Work for the unions is a constant stream of newly arising matters requiring immediate attention. The grievance procedures established by most collective bargaining agreements, for example, require that grievances be filed within a few days after they arise. Other labor-management communications must be handled promptly. Mr. Schember, in addition to serving his clients, must manage the firm's business matters. The firm is small, three attorneys; but its business affairs require some of Mr. Schember's time each week.

Because of counsel's obligations to the union clients and need to run the business, counsel cannot set aside a three or four week period to work exclusively on major filings like

---

[2] The pressing nature of these circumstances would be somewhat alleviated if defendant would pay the $1 million judgment that was entered with defendant's consent on August 1, 2007, in *Burgin v. District of Columbia*, Civ. A. No. 03-02005 (EGS) (D. D.C. accepted offer of judgment approved Aug. 1, 2007). *Burgin* is another class action mass arrest case involving the same counsel as here. Counsel for plaintiffs are entitled to a portion of the $1 million *Burgin* judgment as a fee for the more than 2000 hours of work they performed. To date, however, defendant has not paid the judgment.

summary judgment motions. Counsel must prepare plaintiffs' motion over several months, while other matters are handled as well.

Over the next four months, counsel must prepare other major filings—an appellate reply brief and two other dispositive motions. Other significant papers must be written. Also, at some point during this period, counsel likely will be required to commence, and complete within four months, discovery in a case pending in the federal district court in Kansas.

**Counsel's Planned Leave**

From the beginning of February 2007 through the end of September 2007, Mr. Schember and Ms. Dunham were required to work seven-day weeks, nearly every week.[3] Counsel now need to return to a normal work schedule, with most weekends off; and they need to take soon a period of leave from work. Counsel plan to be away from work November 19-30, 2007.[4]

Counsel will have little or no time for work from December 17, 2007, through January 4, 2008. During most of this time, counsel's son will visit from Peru, on leave from the Peace Corps. Counsel have not seen him for well over a year. Counsel's daughter also will be visiting during this time. The family will travel during a substantial portion of this period.

**Conclusion**

For the reasons stated above, plaintiffs' proposed schedule is appropriate. Plaintiffs' motion should be granted.[5] If the Court were to issue a scheduling order before the October 11, 2007, status hearing, that hearing would be unnecessary.

---

[3] The only exception was an extended Labor Day weekend trip to a family reunion. Mr. Schember and Ms. Dunham are married. They have common family obligations.

[4] Because they are married, Ms. Dunham and Mr. Schember take leave from work at the same time, with rare exceptions.

[5] There is no need at this time to set a trial date. Further proceedings, and their timing, will depend on the date and nature of the Court's disposition of the motions.

Respectfully submitted,

/s/ Arthur B. Spitzer
Arthur B. Spitzer, D.C. Bar No. 235960
Fritz Mulhauser, D.C. Bar No. 455377
American Civil Liberties Union
of the National Capital Area
1400 20th Street, NW, #119
Washington, DC 20036
202/457-0800

/s/ Daniel M. Schember
Daniel M. Schember, D.C. Bar #237180
Susan B. Dunham, D.C. Bar # 362378
Gaffney & Schember, PC
1666 Connecticut Avenue, NW, Suite 225
Washington, DC 20009
202/328-2244

On behalf of the D.C. Chapter, National Lawyers
Guild and the American Civil Liberties Union of the
National Capital Area

Counsel for Plaintiffs

October 6, 2007