UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARAH CARR, *et al.*, | : |
| Plaintiffs, | : |
| v. | : Civ. Action No. 06-0098 (ESH) |
| DISTRICT OF COLUMBIA, *et al.*, | : |
| Defendants. | : |

**DEFENDANT DISTRICT OF COLUMBIA'S OPPOSITION
TO PLAINTIFFS' MOTION FOR SCHEDULING ORDER**

Defendant District of Columbia ("District") respectfully responds as follows to Plaintiffs' Motion for a Briefing Schedule ("Pls Mot") so that the Court may have a more balanced record regarding the pertinent issues at the commencement of the October 11, 2007 Status Conference.

**A Status Hearing Is Necessary And Appropriate**

Pls Mot states their position on several, but not all, issues upon which the Court's guidance is necessary to the just, speedy, and inexpensive determination of this action. Pls Mot, filed only two business days prior to the scheduled hearing, seeks to prevent the efficient examination and handling of a number of such issues without the District being provided a reasonable, if any, opportunity to respond. Plaintiffs offer no explanation for what amounts to an expedited motion that would have the effect preventing the appropriate guidance.

**The Court's Guidance Is Required Regarding The Status, If Any, Of Juveniles As Class Members**

In discovery, plaintiffs have demanded records and information relating to juveniles who may have been taken into police custody for curfew violations in the context of the unlawful conduct that is the subject of this action. The District does not understand juveniles to be

contemplated by the definition of the class herein.  Moreover, the District is prohibited from providing the information demanded.  D.C. Official Code § 16-2333.  The implications of plaintiffs' demand for information regarding these statutorily protected individuals and regarding juveniles' inclusion in the class merit the Court's guidance at this point.

**Plaintiffs' Proposed Briefing Schedule Would Misdirect Judicial Energies and Unfairly Disadvantage the District**

Pls Mot indicates they will proceed on a theory that arresting for parading without a permit without issuing warnings and an opportunity to disperse is unlawful, at least where marchers lack knowledge of permitting requirements and of noncompliance therewith. Plaintiffs know, based on their having deposed Chief Cathy Lanier, that she ordered the plaintiffs' arrests based on their participation in a riot in Adams Morgan.  Plaintiffs also know that Lanier directed that the arrestees be charged with "parading without a permit" to enable them to obtain release more easily than if they had been charged with rioting.

Accordingly, whether persons can constitutionally be arrested for merely, unknowingly having paraded without a permit is a distraction, and plaintiffs seek what amounts to an advisory opinion.  This Court has already observed the importance of the actual factual framework to the Court's disposition of this matter.  *See* Order, dated July 26, 2006, at 8-10.  The schedule plaintiffs seek would facilitate suits pursuit of an essentially advisory opinion by allowing plaintiffs to misframe the issues a month before the District would be heard.  Further, as plaintiffs have indicated, they would seek to avoid an order resulting in the curing of their discovery violations, based on their framing the case rather than the District's legitimate entitlement to gather information to buttress the validity of plaintiffs' arrests and to challenge plaintiffs' credibility.  Pls Mot.  Accordingly, discovery briefing if necessary, should commence

on October 30, 2007.

Plaintiffs' contemplated requests for equitable relief are, at best, moot where they are not properly precluded by plaintiffs' failure to have provided discovery consistent with the requirements for injunctive relief. Defendants understand from communications by plaintiffs that they would seek injunctive relief relating to the use of pepper spray. None of plaintiffs' discovery responses reflects a claim of systemic or policy-based misuse of pepper spray. To the contrary, that the only allegations of pepper spray misuse are in support of non-class, common law claims reflects that pepper spray use is not an appropriate subject for injunctive relief.

**The District Requests A Trial Date**

The District requests a trial date in this case, as it had advised plaintiffs reasonably well prior to their Pls Mot filing. Lead counsel in this matter is also counsel of record in the mass arrest based class actions, *Barham v. Ramsey*, 02cv2283 (EGS) and *Alliance for Global Justice v. District of Columbia*, 01cv811 (PLF)(JMF). Chief Lanier will foreseeably be called to testify at trial in this case. Setting a trial date in the Status Conference will facilitate the orderly preparation of all three cases.

**Discovery Litigation May Be Simplified If Not Obviated**

Plaintiffs are represented in this matter by attorneys who have identified themselves as appearing "On Behalf of the D.C. Chapter, National Lawyers Guild." *See* Complaint (Dkt. #1) at 1. A document received and acted upon by plaintiffs, which promoted the unlawful march that culminated in the riotous misconduct for which plaintiffs were arrested, states that "the D.C. National Lawyers Guild" was one of "the groups involved" in that night's activities. According to the flier, those activities were planned to include an unpermitted march through Adams

Morgan to the site of one of the Inaugural Balls and "an explosive protest." *See* copy of J20 Counter-Inaugural Ball flier attached as Exh. 1. Nevertheless, plaintiffs have disclaimed sufficient knowledge or information to respond substantively to numerous requests for admission regarding the involvement of the D.C. Chapter of the National Lawyers Guild in the event resulting in the arrest of numerous persons, whose class representatives now claim to have been uniformed about permit requirements or status. The District seeks clarification regarding plaintiffs' agents' duty of inquiry regarding the D.C. Chapter of the National Lawyers Guild on whose behalf they have appeared.

     Plaintiffs' proposed motion requires that limited discovery be permitted of the class. Plaintiffs argue that the five class representatives did not know that "the march had no written permit." That this is a factual issue critical under plaintiffs' theory was not presented in plaintiffs' motion for class certification. This is a factual issue that is specific to each class member. Accordingly, the Court should now order that all potential class members be required to answer limited discovery reflecting the information known and available to them regarding whether they knew of the requirement for parade permits and understood that the parade had no such permit prior to their arrests.

     Plaintiffs have withheld in their entirety records supporting their claims for attorney fees, without providing even redacted copies of such materials or a privilege log. Upon information and belief, fees are the largest component of plaintiffs' claimed entitlement to relief. The improper withholding of this information unreasonably hinders defendant's case evaluation efforts.

     Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

/s/ Ellen A. Efros
ELLEN A.EFROS [250746]
Chief, Equity Section I

/s/ Thomas L. Koger
THOMAS L. KOGER [427921]
Senior Assistant Attorney General
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6610 (phone)
(202) 727-3625 (fax)
E-mail:  Thomas.Koger@dc.gov

Attorneys for Defendant District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **SARAH CARR**, *et al.*,<br><br>      **Plaintiffs,**<br><br>      vi.<br><br>**DISTRICT OF COLUMBIA**, *et al.*,<br><br>      **Defendants.** | Civ. Action No. 06-0098 (ESH) |

## **ORDER**

    Upon due consideration of Plaintiffs' Motion for Scheduling Order and Defendant District of Columbia's Opposition thereto, the record herein and the interests of justice, it is this \_\_\_\_ day of October 2007 ,

    ORDERED, that plaintiffs' motion is DENIED.

_____
ELLEN SEGAL HUVELLE
United States District Judge

Serve upon:
All counsel of record