UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SARAH CARR, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Civ. A. No. 06-00098 (ESH) |
| DISTRICT OF COLUMBIA, | ) |
| Defendant. | ) |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION REGARDING DISCOVERY TO BE TAKEN OF THE D.C. CHAPTER OF THE NATIONAL LAWYERS GUILD**

Defendant's October 11, 2007, motion (Doc 37)—a motion that seeks permission to file a motion later—should be denied. The motion that defendant wants to file later would be an untimely motion to reopen discovery for the purpose of seeking, from a non-party, unconstitutional discovery on an irrelevant subject.

**Defendant's Untimely Motion Should be Denied under Fed. R. Civ. P. 6(b)**

Under the Court's October 11, 2006, Order (Doc 28), discovery closed August 31, 2007. The Court's August 20, 2007, Minute Order granted specific exceptions to the close of discovery, allowing the parties to take specified depositions on or before October 5, 2007. The discovery that defendant now says it wants from the D.C. Chapter of the National Lawyers Guild (Guild) would be new discovery, not one of the specified depositions that the Court allowed the parties to take between August 31 and October 5.

If defendant wanted an extension of time to take discovery from the Guild after August 31, 2007, it was required to show cause before that date as why the discovery deadline should be extended for this purpose. Fed. R. Civ. P. 6(b). Now, after August 31, defendant must show

excusable neglect for having failed to act before August 31. *Id*. Defendant's October 11, 2007, motion shows neither cause nor excusable neglect.

Nor could defendant show that its failure to act before October 11, 2007, was due to excusable neglect. As defendant's October 11 motion acknowledges, the discovery that defendant intends to seek from the Guild concerns matters that were the subjects of admission requests served on plaintiffs. Plaintiffs timely served their response to these admission requests on August 22, 2007. Plaintiffs' response said that defendant's requests were objectionable because they concerned irrelevant matters, that plaintiffs lacked sufficient information to enable plaintiffs either to admit or deny the matters, that plaintiffs had no duty to make inquiry of the Guild, and that the requests also were objectionable because they violated the Guild's First Amendment right to associational privacy. Despite plaintiffs' response, defendant took no action before August 31 either to seek discovery from the Guild or to move the Court for an exception from the discovery deadline to allow defendant to seek this discovery after August 31. In these circumstances, defendant's failure to act until October 11, 2007, cannot be deemed to be excusable neglect. Under Rule 6(b), defendant's motion should be denied.

**Defendant's Proposed Discovery of the Guild is Irrelevant**

Defendant's October 11, 2007, motion, at 1, says that defendant wants discovery from the Guild "regarding the involvement of the [Guild] in the planning and promotion of the unlawful march that culminated in the riotous misconduct for which plaintiffs were arrested." The proposed discovery, however, is irrelevant to whether plaintiffs' marching was unlawful or whether plaintiffs engaged in riotous misconduct.

Whether police had probable cause to arrest the plaintiffs for unlawful marching does not depend on whether the Guild, or any other particular organization, planned or promoted the

2

march. Plaintiffs' partial summary judgment will show that whether plaintiffs' marching was unlawful depends on whether police gave the marchers an order to disperse—or a similar order, such as an order to get on the sidewalk, that informed the marchers that police had decided not to allow their march. *Sheehan v. United States*, 05-MJ-0649, 2006 U.S. Dist. LEXIS 91439 (D.D.C. December 19, 2006) at 11-21 (under the First Amendment, demonstrating without permission cannot be a strict liability offense; actual knowledge that police have denied permission is constitutionally required; a reasonably conveyed police order warning demonstrators that they lack permission provides probable cause as to the *mens rea* element of the offense), *citing, inter alia, American-Arab Anti-Discrimination Committee v. City of Dearborn*, 418 F.3d 600 (6th Cir. 2005).[1] As defendant's counsel acknowledged at the October 11, 2007, status hearing, it is undisputed that police gave no order or warning before arresting the plaintiffs. Defendant's proposed discovery has no relevance to plaintiffs' claim under *Sheehan* and *City of Dearborn*. Whether the Guild was involved in planning or promoting the march is not relevant to whether, in the absence of an order to disperse, or a comparable order, plaintiffs' march was constitutionally protected and provided no probable cause for arrest.

---

[1] Contrary to defendant's motion, police are not required to have "psychic insight" to have probable cause to believe that persons knowingly have demonstrated without permission. As the Court held in *Sheehan*, police need only give demonstrators an order that informs them that police have decided not to allow their demonstration. If police reasonably convey such a warning and demonstrators do not comply despite reasonable opportunity to do so, police then have probable cause to believe that demonstrators are knowingly demonstrating without permission. Months ago, plaintiffs' counsel handed defendant's counsel copies of the *Sheehan* and *City of Dearborn* opinions. As noted, these decisions inform any reader that probable cause requires not that police have "psychic insight," but that they reasonably convey a warning before making arrests. Contrary to defendant's motion, plaintiffs' claim that their arrests were unconstitutional because police arrested them without warning does not require class decertification. The police failure to give an order to disperse, or a comparable order, was action by the defendant "generally applicable to the class," and therefore is a proper subject for litigation by class action. Fed. R. Civ. P. 23(b)(2).

Nor is Guild involvement in the planning or promotion of the march relevant to whether the police had probable cause to arrest plaintiffs for riotous misconduct. As the Court's July 26, 2006, Order (Doc 18) correctly held, whether the police had probable cause to arrest any of the plaintiffs for rioting or inciting to riot depends on whether "officers witnessed any particular plaintiffs engaging in these acts." Order (Doc 18) at 10. Plaintiffs' partial summary judgment motion will show that it is undisputed that police had no evidence that any particular individuals engaged in these acts and that police simply herded plaintiffs into an alley, surrounded them, and arrested them as a group. Whether the Guild planned or promoted the march is not relevant to the legal question of whether, on the *undisputed* facts, the police lacked particularized probable cause to arrest any plaintiff for rioting or inciting to riot.

**Defendant's Proposed Discovery is Improper Because it Would Violate the Guild's First Amendment Right to Associational Privacy**

Private association for purposes of planning and promoting an assembly to express political views is protected by the First Amendment, and discovery invading this privacy violates constitutional privilege unless the information sought "goes to the heart of the matter" being litigated. *International Action Ctr. v. United States*, 207 F.R.D. 1, 4 (D.D.C. 2002), *citing Black Panthers Party v. Smith*, 661 F.2d 1243, 1268 (D.C. Cir. 1981). As noted above, the discovery that defendant wants is not relevant at all, let alone material to the heart of the case. The Guild therefore should not be subjected to defendant's intrusion.

For all of these reasons, defendant's motion should be denied.

.

Respectfully submitted,

/s/ Arthur B. Spitzer
Arthur B. Spitzer, D.C. Bar No. 235960
Fritz Mulhauser, D.C. Bar No. 455377
American Civil Liberties Union
of the National Capital Area
1400 20th Street, NW, #119
Washington, DC 20036
202/457-0800

/s/ Daniel M. Schember
Daniel M. Schember, D.C. Bar #237180
Susan B. Dunham, D.C. Bar # 362378
Gaffney & Schember, PC
1666 Connecticut Avenue, NW, Suite 225
Washington, DC 20009
202/328-2244

On behalf of the D.C. Chapter, National Lawyers Guild and the American Civil Liberties Union of the National Capital Area

Counsel for Plaintiffs

October 25, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SARAH CARR, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. A. No. 06-00098 (ESH) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On consideration of defendant's motion regarding discovery to be taken of the D.C. Chapter of the National Lawyers Guild, it is

ORDERED that defendant's motion is denied.

_____          _____
Date                             Ellen Segal Huvelle
                                 United States District Judge

Copies to:

Arthur B. Spitzer
Fritz Mulhauser
American Civil Liberties Union
of the National Capital Area
1400 20th Street, NW, #119
Washington, DC 20036

Daniel M. Schember
Susan B. Dunham
Gaffney & Schember, P.C.
1666 Connecticut Avenue, N.W., Suite 225
Washington, D.C. 20009

Counsel for Plaintiffs

Ellen A. Efros
Thomas L. Koger
Assistant Attorneys General
441 Fourth Street, N.W., 6th Floor South
Washington, DC 20001

 Counsel for Defendant

2