UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

)
SARAH CARR, *et al.*,                                )
                                                     )
            Plaintiffs,                             )
                                                     )
    v.                                             )   Civ. A. No. 06-00098 (ESH)
                                                     )
DISTRICT OF COLUMBIA,                                )
                                                     )
            Defendant.                              )
                                                     )

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABIILTY**

# Exhibit H

# Defendant District of Columbia's Response to Plaintiffs' First Request for Admissions

Arthur B. Spitzer, D.C. Bar No. 235960
Fritz Mulhauser, D.C. Bar No. 455377
American Civil Liberties Union
of the National Capital Area
1400 20th Street, NW, #119
Washington, DC 20036
202/457-0800

Daniel M. Schember, D.C. Bar #237180
Susan B. Dunham, D.C. Bar # 362378
Gaffney & Schember, PC
1666 Connecticut Avenue, NW, Suite 225
Washington, DC 20009
202/328-2244

On behalf of the D.C. Chapter, National
Lawyers Guild and the American Civil
Liberties Union of the National Capital Area

Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SARAH CARR, et al.,            )
                               )
           Plaintiffs,         )
                               )
    v.                         )   Civ. A. No. 06-00098 (ESH)
                               )
DISTRICT OF COLUMBIA,          )
                               )
           Defendant.          )

**DEFENDANT'S RESPONSES TO PLAINTIFFS' FIRST REQUEST
FOR ADMISSIONS TO DEFENDANT DISTRICT OF COLUMBIA**

Pursuant to Fed. R. Civ. P. 36(a), defendant District of Columbia ("the District") or "Defendant") responds to Plaintiffs' First Set Of Requests For Admissions To The District Of Columbia as follows:

**Request 1.** The police who arrested plaintiffs in the late evening of January 20, 2005, or the early morning of January 21, 2005, were employees of the District of Columbia who acted within the scope of their employment and under color of law.

**Response 1:** Defendant objects to this Request on the grounds that it is vague, ambiguous and overly broad, and further, lacks foundation and assumes facts not in evidence, in that the Request fails to define what the Request contemplates insofar as the conduct of "arrest[ing] plaintiffs," and insofar as it asks the District to admit that (1) there is some as-yet undefined number of unidentified persons who fit the class definition; and that (2) a group of defendant's employees "acted within the scope of their employment and under color of law" over an unspecified, or at best, ambiguous period of time in the commission of unspecified acts.

Subject to, notwithstanding, without waiving, and entirely consistent with the assertion and preservation of the foregoing objections, the District responds that it admits only that the officers of the Metropolitan Police Department ("MPD") who ordered the arrests of plaintiffs Sarah Carr, Allyson Kirk, Chelsea Kirk, Jonathan Scolnik, and Jonathan Singer (collectively, "the Named Plaintiffs") and who placed them under arrest in the late evening of January 20, 2005, or the early morning of January 21, 2005, were employees of the District of Columbia at the time(s) that they placed the Named Plaintiffs under arrest and that to the extent that these officers complied with the applicable policies of the District with regard to use of force, acted within the scope of their employment in arresting the Named Plaintiffs. However, to the extent that any officer(s) failed to comply with the applicable policies of the District with regard to use of force, the District denies that such officer(s) acted within the scope of their employment in arresting the Named Plaintiffs.

Request 2. The police arrested plaintiffs for parading without a permit.

Response 2. Defendant objects to this Request on the grounds that it is vague, ambiguous and overly broad, and further, lacks foundation and assumes facts not in evidence, in that the Request fails to define what the Request contemplates insofar as the conduct of "arrest[ing] plaintiffs" and "parading without a permit" and insofar as it asks the District to admit that there is some as-yet undefined number of unidentified persons who fit the class definition.

Subject to, notwithstanding, without waiving and entirely consistent with the assertion and preservation of the foregoing objections, the District responds that it denies this Request except that Defendant admits that MPD officers arrested the Named Plaintiffs for their commission, complicity in, and facilitation of the conduct described in the various arrest paperwork pertaining to the respective Named Plaintiffs, for which each Named Plaintiffs was charged with "parading without a permit," in violation of 24 D.C.M.R., which is more fully described in Chief Lanier's declaration executed in this matter on June 19, 2006. Consistent with the arrest paperwork and Chief Lanier's declaration, plaintiffs' arrests were predicated not merely upon plaintiffs', in combination with others, having knowingly, intentionally,

willfully, recklessly, and or criminally negligently paraded in the public space of District of Columbia roadways and sidewalks in a manner that incommoded the sidewalks and roadways without a permit to do so. Plaintiffs' arrests were further based upon plaintiffs'

- in combination with others, having knowingly, intentionally, willfully, recklessly, and/or criminally negligently obstructed traffic in public roadways;
- in combination with others, having knowingly, intentionally, willfully, recklessly, and/or criminally negligently having acted in a manner to annoy, disturb, interfere with or offend others and having shouted or made noise outside a building during the night, to the annoyance or disturbance of a considerable number of persons;
- in combination with others, having knowingly, intentionally, willfully, recklessly, and/or criminally negligently congregated and assembled in a roadway and engaged in loud and boisterous talking or other disorderly conduct and crowded, obstructed, or incommoded the free use of the roadway;
- in combination with others, having knowingly, intentionally, willfully, recklessly, and/or criminally negligently having, while over the age of 16 years, worn a mask, hood or other device causing portions of their faces to be hidden, concealed, or covered as to conceal the identity of the wearer, and having entered upon or within public property of the District of Columbia, or any street, road, alley, etc., in the District, wearing the mask, hood or other device with the intent to intimidate, threaten, abuse or harass another person; or to cause another person to fear for his personal safety where it is probable that reasonable persons would be put in fear for their safety by plaintiffs' actions, with reckless disregard for that probability; and/or the wearer was engaged in conduct prohibited by civil or criminal law, with the intent of avoiding identification;
- in combination with others, having thrown stones or other missiles in a street, avenue, alley, road, or highway, or open space, or public square, or enclosure, or plaintiffs' having thrown stones or missiles from such place onto a street, avenue, etc.;
- in combination with others, having injured, destroyed, or attempted to injure or destroy, property that was not plaintiffs' property, on purpose and with the intent to injure or destroy the property or with conscious disregard of known and substantial risks of the harm that were likely to result to the property from their actions; and
- having, in combination with others comprising a group or five or more persons, including plaintiffs, willfully engaged in a public disturbance in Washington, D.C., which, by tumultuous and violent conduct, or the threat of such conduct created grave danger of damage or injury to property or persons, and/or upon plaintiffs' having incited or urged other persons to engage in a riot.

**Request 3.** At the time of plaintiffs' arrests it was the policy of the District of Columbia, absent unusual circumstances, to not arrest persons parading in the street without a permit unless police ordered the persons to stop parading, afforded them opportunity to obey the order, and they failed to obey it.

**Response 3.** Defendant objects to this Request on the grounds that it is vague, ambiguous and overly broad, and further, lacks foundation. This Request cannot be reasonably admitted or denied because its use of the undefined term "absent unusual circumstances" renders it impossible to ascertain the range of circumstances, if any, under which persons parading in the street without a permit might be arrested in accordance with then-existing District of Columbia policy unless police ordered those persons to stop parading, afforded them opportunity to obey the order, and those failed to obey it. This Request is further unreasonably vague to the point of precluding admission or denial because it does not indicate a charge or charges for which it presumes such persons would be subject to arrest given "unusual circumstances" and/or the issuance of a police order to the subject persons to stop parading, followed by an opportunity for those persons to obey the order, and the failure of those persons to obey such order. For instance, where persons engaged in a parade in District roadways without a permit, were directed to move from the roadway by police officers or to constrain their parade to one or more specified lanes and to cooperate with police efforts to facilitate their movement and simultaneously their safety and the movement of vehicular traffic, such persons could be properly subject to arrest for failing to obey a police order. Alternatively, were a group of persons to march through District roadways without a permit and while so doing willfully engage in a public disturbance in Washington, D.C., which, by tumultuous and violent conduct, or the threat

4

of such conduct, created grave danger of damage or injury to property or persons, such persons could properly be subject to arrest for riot.

Subject to, notwithstanding, without waiving, and entirely consistent with the assertion and preservation of the foregoing objections, the District responds that it denies this Request, except admits that at the time of plaintiffs' arrests it was the policy of the District of Columbia, where the conduct of a crowd marching in a street without a permit rose to a level of unlawful disruption such that an incident commander determined there to be the need for a positive police response, that, where time and circumstances permitted, the incident commander was to cause warnings to disperse to be issued to the crowd, and to afford them an opportunity to obey the order, and arrest persons who failed to obey the order.

**Request 4.** Prior to plaintiffs' arrests the meaning of unusual circumstances referenced in Request 4 was not stated in law, regulation, or published written policy.

**Response 4.** Defendant objects to this Request on the grounds that it is vague, ambiguous and overly broad, and further, lacks foundation. This Request is improperly predicated upon the preceding Request, which asserts the existence of a standard – "absent unusual circumstances" – which was not incorporated as such into applicable District of Columbia policy and which plaintiffs have not defined for the purposes of these Requests; accordingly, this Request can neither be admitted nor denied.

**Request 5.** At the time of plaintiffs' arrests District of Columbia custom, policy, or practice granted police on the scene of a street parade authority to allow the parade in the street even if no written permit previously had been obtained.

**Response 5.** Admit.

5

Request 6. The arrests of the plaintiffs did not violate District of Columbia custom, policy, or practice.

**Response 6. Admit.**

Request 7. The District of Columbia did not discipline the police officer who made the decision to arrest the plaintiffs.

**Response 7. Defendant objects to this Request insofar as it implies that there may have been any basis in fact, law, and/or policy upon which it would have been lawful and/or appropriate to have disciplined the police officer who made the decision to arrest the plaintiffs for having made or implemented that decision. Defendant further objects to this Request insofar as it implies that there may have been any basis in fact, law, and/or policy upon which it would have been lawful and/or appropriate to have disciplined the police officer who made the decision to arrest the plaintiffs on any other basis.**

**Subject to, notwithstanding, without waiving, and entirely consistent with the assertion and preservation of the foregoing objections, the District admits this Request.**

Request 8. The District of Columbia did not take against the officer who made the decision to arrest plaintiffs any action indicating that the District of Columbia deemed the decision to arrest the plaintiffs to have been incorrect.

**Response 8. Defendant objects to this Request insofar as it implies that there may have been any basis in fact, law, and/or policy upon which it would have been lawful and/or appropriate to have taken action against the police officer who made the decision to arrest the plaintiffs for having made or implemented that decision. Defendant further objects to this Request insofar as it implies that there may have been any basis in fact, law, and/or**

policy upon which it would have been lawful and/or appropriate to have taken action the police officer who made the decision to arrest the plaintiffs on any other basis.

Subject to, notwithstanding, without waiving, and entirely consistent with the assertion and preservation of the foregoing objections, the District admits this Request.

**Request 9.** The District of Columbia did not discipline any police officer because of the decision to arrest the plaintiffs.

**Response 9. Admit.**

**Request 10.** The District of Columbia did not take against any police officer any action indicating that the District of Columbia deemed the decision to arrest the plaintiffs to have been incorrect.

**Response 10. Admit.**

**Request 11.** The police officer who made the decision to arrest plaintiffs was Metropolitan Police Department officer Cathy Lanier who at the time held the rank of Commander.

**Response 11. Admit.**

**Request 12.** The District of Columbia did not discipline Cathy Lanier because of her decision to arrest the plaintiffs.

**Response 12. Defendant objects to this Request insofar as it implies that there may have been any basis in fact, law, and/or policy upon which it would have been lawful and/or appropriate to have disciplined Cathy Lanier for having made the decision to arrest the plaintiffs or implemented that decision. Defendant further objects to this Request insofar as it implies that there may have been any basis in fact, law, and/or policy upon which it

would have been lawful and/or appropriate to have disciplined Cathy Lanier on any other basis.

Subject to, notwithstanding, without waiving, and entirely consistent with the assertion and preservation of the foregoing objections, the District admits this Request.

**Request 13.** The District of Columbia did not take against Cathy Lanier any action indicating that the District of Columbia deemed the decision to arrest the plaintiffs to have been incorrect.

**Response 13.** Defendant objects to this Request insofar as it implies that there may have been any basis in fact, law, and/or policy upon which it would have been lawful and/or appropriate to have taken action against Cathy Lanier for having made the decision to arrest the plaintiffs or implemented that decision. Defendant further objects to this Request insofar as it implies that there may have been any basis in fact, law, and/or policy upon which it would have been lawful and/or appropriate to have taken action against Cathy Lanier on any other basis.

Subject to, notwithstanding, without waiving, and entirely consistent with the assertion and preservation of the foregoing objections, Defendant admits this Request.

**Request 14.** After plaintiffs' arrests the Mayor of the District of Columbia appointed Cathy Lanier to the position of Chief of the District of Columbia Metropolitan Police Department.

**Response 14.** Defendant objects to this Request on the grounds that it is vague and ambiguous.

Subject to, notwithstanding, without waiving, and entirely consistent with the assertion and preservation of the foregoing objections, the District admits that Cathy

8

Lanier was designated Acting Chief of the Metropolitan Police Department on December 3, 2006, by Charles H. Ramsey, and was subsequently nominated to the office of Chief of the Metropolitan Police Department on January 3, 2007, by Mayor Adrian Fenty, and confirmed by vote of the Counsel of the District of Columbia on April 3, 2007.

        Respectfully submitted,

        LINDA SINGER
        Attorney General for the District of Columbia

        GEORGE C. VALENTINE
        Deputy Attorney General
        Civil Litigation Division

        ELLEN A. EFROS
        Chief, Equity Section I

        /s/ Thomas L. Koger
        THOMAS L. KOGER [427921]
        Senior Assistant Attorney General
        441 Fourth Street, NW, 6th Floor South
        Washington, DC 20001
        (202) 724-6610
        Fax: (202) 727-3625 (fax)
        E-mail: Thomas.Koger@dc.gov

August 9, 2007