UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARAH CARR, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. A. No. 06-00098 (ESH) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON LIABIILTY**

# Exhibit L

# Excerpt, Defendant District of Columbia's Response to Plaintiffs' Third Set of Interrogatories

Arthur B. Spitzer, D.C. Bar No. 235960
Fritz Mulhauser, D.C. Bar No. 455377
American Civil Liberties Union
of the National Capital Area
1400 20th Street, NW, #119
Washington, DC 20036
202/457-0800

Daniel M. Schember, D.C. Bar #237180
Susan B. Dunham, D.C. Bar # 362378
Gaffney & Schember, PC
1666 Connecticut Avenue, NW, Suite 225
Washington, DC 20009
202/328-2244

On behalf of the D.C. Chapter, National
Lawyers Guild and the American Civil
Liberties Union of the National Capital Area

Counsel for Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARAH CARR, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. A. No. 06-00098 (ESH) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT DISTRICT OF COLUMBIA'S RESPONSES TO PLAINTIFFS' THIRD SET OF INTERROGATORIES TO DEFENDANT DISTRICT OF COLUMBIA

Pursuant to Fed. R. Civ. P. 26 and 33, defendant District of Columbia objects to and answers Plaintiffs' Third Set of Interrogatories to Defendant District of Columbia as follows:

### GENERAL OBJECTIONS

Defendant's General Objections, as set forth herein, are to be considered continuing Objections and/or assertions of privilege and Objections to each and every specific document Interrogatory that follows, even if not referred to in the response to a specific Interrogatory. That some of these General Objections are not restated in response to particular Interrogatories does not waive the assertion and application or the General Objections which are not set forth in full in response to those Interrogatories. Defendant's Objections and responses given herein shall not prejudice any objection and/or assertion of privilege they may later assert in any context. Moreover, Defendant responds to the instant discovery Interrogatory subject to the accompanying Objections, without waiving and expressly preserving all Objections.

1. Defendant objects to the instructions propounded by plaintiffs to the extent that they seek or purport to impose obligations in excess of those required by the Federal Rules of

Additional observations reported to Lanier providing probable cause for plaintiffs' arrests included that a large crowd, largely dressed in black and wearing bandannas as masks and "carrying pipes with something attached at the end", are going west on Columbia Road to 15th Street N.W. at 11:21 p.m.; that about 100 demonstrators were walking on Columbia Road towards 18th Street in regular clothing carrying banners and signs at 11:23 p.m.; that demonstrators had broken windows of the CitiBank at 1749-1/2 Columbia Road, NW, and MPD personnel had observed other property damage at nearby points along the J20 March route as of 11:29 p.m.; and that about 200 demonstrators were moving southbound along the 2400 block of 18th Street, carrying canisters of flammable liquid and firecrackers, some of which are going off at the time as of 11:31 p.m.

As observed by MPD personnel in front of the J20 March and reported to and observed by Commander Lanier, who was traveling behind the march, protestors, in the context of the J20 March had started fires, thrown rocks into the windows of buildings, and had or still were blocking traffic from all directions. Windows were broken in buildings at 1749-1/2 Columbia Road, 1800 Columbia Road, 1779 Columbia Road, and at an apartment complex at 1768 Columbia Road.

Accordingly, Defendant also objects to this Interrogatory on the grounds that it suggests that the basis for arrest under current policy, practice or custom could be limited to arresting for "parading without a permit" and is, therefore, without foundation. It is not true that under current policy, practice or custom that the only basis for arrest under the circumstances resulting in plaintiffs' arrest was then or would be now for "parading without a permit."

Therefore, subject to, notwithstanding, without waiving and entirely consistent with the assertion and preservation of the foregoing objections, Defendant responds that in circumstances similar to those in which plaintiffs were arrested, it is proper to arrest demonstrators who are parading in the street without giving them an order to stop parading, or an order to do something else, and affording them reasonable opportunity to avoid arrest by obeying the order. Such arrests are proper because the crimes upon which such arrest would be predicated are of a nature of ongoing, continuing, and/or escalating occurrence or threat of property damage and personal injury.

I declare under penalty of perjury that the foregoing is true and correct as to facts known personally to me and is true and correct upon information and belief as to facts of which I have been informed by my subordinates, which collectively account for all information provided in the foregoing answers.

Executed: __8/17/07__           __Cathy L. Lanier__
                                              CATHY L. LANIER
                                              Chief of Police
                                              Metropolitan Police Department

Objections respectfully submitted by,

LINDA SINGER
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

ELLEN A. EFROS
Chief, Equity Section I

s/ Thomas L. Koger
THOMAS L. KOGER [427921]
Senior Assistant Attorney General
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6610, Fax: (202) 727-3625 (fax)
E-mail: Thomas.Koger@dc.gov

21