UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SARAH CARR., *et al.*,

    Plaintiffs,

v.

DISTRICT OF COLUMBIA, *et al.*,

    Defendants.

Civ. Action No. 06-0098 (ESH)

## DECLARATION OF BRIAN K. JORDAN

I, Brian K. Jordan, under penalty of perjury declare as follows:

1. I am an adult over the age of 21 years.

2. I make this declaration based on my personal knowledge of the matters discussed in it.

3. I am a Commander of the Metropolitan Police Department ("MPD" or "Department") and have been a member of this Department since 1983.

4. I have been advised by counsel for the District of Columbia in this matter that testimony that I gave in an Executive Session deposition conducted by the Judiciary Committee of the District of Columbia Council has been quoted by plaintiffs in this matter to support their motion for partial summary judgment.

5. I have reviewed the deposition testimony as quoted at pp. 13 and 14 of the Memorandum In Support Of Plaintiffs' Motion For Partial Summary Judgment On Liability ("Pls Mem"). I have also reviewed portions of the transcript of the Executive Session deposition that contain or relate to the testimony quoted in Pls. Mem.

6. The testimony quoted in Pls Mem relates to my September 27, 2002 decision to order the arrest of persons who, without a permit required by District of Columbia municipal regulations, had marched, without warning out of Franklin Square Park onto the roadway of K Street, NW, during Friday morning rush hour.

7. As reflected in my deposition testimony, I decided to act to control the marchers, and, in fact, arrest them, because they had engaged in unlawful conduct through which they had created a danger to themselves and others.

8. The group consisted of well over a hundred marchers. I had probable cause to arrest them because I knew that no permit had been issued by the MPD authorizing such a march into the roadway and they were moving as a unit comprised of more than 25 persons. Based on this probable cause, I had lawful authority to arrest the marchers.

9. In addition, all of these marchers had acted in a manner to annoy, disturb, interfere with, and offend others – the motorists on K Street, NW. Based on the circumstances, it was clear to me that they had done so knowingly and deliberately. This provided probable cause to arrest them as well.

10. In addition, the circumstances of the marchers' violation of law caused me to exercise my discretion to arrest them rather than to allow them to proceed with their unlawful march or to cordon them and then release them.

11. The circumstances that influenced me to arrest these marchers included that they had placed themselves, motorists, and lawful pedestrians in danger. By walking into morning rush hour traffic on K Street, NW, these marchers forced motorists to stop in order to avoid striking the marchers even though the motorists had the right of way. By

doing this, they caused motorists to drive inconsistently with the traffic control devices, creating confusion for following motorists.

12. At the time I ordered the arrests, I was aware of the practice of the MPD to attempt to facilitate marches for which no permit had been obtained. However, as I testified in my Executive Session deposition, the fact that this large group marched right out into traffic and created a serious danger of pedestrians being struck by traffic eliminated any opportunity to negotiate a route for the unpermitted march and to facilitate it.

13. The marchers that I ordered arrested on Vermont Avenue, NW, had entered traffic on a busy, major thoroughfare, in a manner that put many people in danger senselessly and had essentially rendered K Street, NW, impassible. They had chosen to do so even after MPD Lieutenant Jeffrey Herold had attempted to facilitate a march. Herold had walked into Franklin Square Park seeking march organizers to negotiate with. No one would acknowledge himself or herself to be leader or organizer. Herold advised persons there that the MPD would escort their march along sidewalks, but would arrest marchers if they marched in the roadway. Nevertheless, they marched, *en masse*, onto the roadway of K Street, NW.

14. By doing this, the marchers had demonstrated that they were not inclined to cooperate with the MPD. By their conduct, they precluded the MPD's accommodation of their march. Their conduct persuaded me that if they were not arrested, but instead, were released from the cordon to go on their ways, they would likely, once again, block a roadway and place themselves and others in danger.

15. Accordingly, when I ordered their arrests, I did not order them arrested for simply parading without a permit. I believe they had committed the offenses of disorderly conduct and/or unlawful assembly, as well. More importantly, I ordered them arrested and directed that they be charged with parading without a permit for having paraded without a permit and having endangered themselves and others in the process, after having failed to cooperate the MPD's affirmative efforts to have facilitated a march. They had deliberately endangered public safety through the means of an unpermitted march.

16. I ordered their arrests without issuing a warning and affording them an opportunity to comply because they had committed misdemeanors in my presence, and endangered themselves and others in circumstances indicating that they could not be anticipated to proceed safely and lawfully or cooperatively if given a further opportunity to do so. Instead, based on their actions, I expected that they would again place themselves and others in danger if they were allowed to.

I declare under the penalty of perjury that the foregoing is true and accurate

Executed: 2/22/08

BRIAN K. JORDAN