UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| | ) | |
| SARAH CARR, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 06-00098 (ESH) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANT'S STATEMENT OF FACTS**

Plaintiffs respond as follows to the numbered statements in defendant's statement of facts (Doc 48-3).

1. The statement is undisputed but is relevant only as evidence of the undisputed material fact that plaintiffs marched for purposes of political expression.

2. The statement is undisputed but is relevant only as evidence of the undisputed fact that plaintiffs marched for purposes of political expression.

3. The statement is undisputed but is not relevant, let alone material.

4. The statement is undisputed but is not relevant, let alone material.

5. The statement is undisputed but is relevant only as evidence of the undisputed material fact that plaintiffs marched for purposes of political expression.

6. The statement is undisputed but is relevant only as evidence of the undisputed material fact that plaintiffs marched for purposes of political expression.

7. The statement is undisputed but is not relevant, let alone material.

8. The statement is undisputed but is relevant only as evidence of the undisputed material fact that plaintiffs marched for purposes of political expression.

9.  The statement is undisputed but is relevant only as evidence of the undisputed material fact that plaintiffs marched for purposes of political expression.

10.  The statement is undisputed but is relevant only as evidence of the undisputed material fact that plaintiffs marched for purposes of political expression.

11.  The first sentence of the statement is undisputed but is relevant only as evidence of the undisputed material fact that plaintiffs marched for purposes of political expression.  The second sentence is not supported by the cited evidence.  The cited evidence is not competent evidence that any writer of the Flier or any announcer from the stage intended that any words written in the Flier or said from the stage instructed marchers to breach security at a Ball.  "Crash" does not necessarily mean "unlawfully breach security," rather than merely "show up at the site uninvited."  The cited evidence is not competent evidence that the plain language of any part of the Flier or the plain meaning of any announcement from the stage was an instruction that called for marchers to breach security at a Ball.  To the extent the cited evidence asserts that a statement in the Flier or from the stage was understood by some to be code language that called for marchers to breach security at a Ball, the statement is not relevant, let alone material, because there is no evidence that any plaintiff was a person who knew the code, let alone specifically intended either to breach security at a Ball or to act to further the accomplishment of that objective.

12.  The statement is undisputed but is not relevant, let alone material.

13.  The statement is undisputed but is not relevant, let alone material.

14.  The statement is undisputed but is not relevant, let alone material.

15.  The statement is undisputed but is not relevant, let alone material.

16.  The statement is undisputed but is not relevant, let alone material.

17.  The statement is undisputed but is not relevant, let alone material.

18.  The statement is undisputed but is not relevant, let alone material.

19.  The first sentence of the statement is not relevant, let alone material.  The part of the second sentence that concerns breaching security is not supported by the cited evidence.  The cited evidence is not competent evidence that the announcer from the stage intended words said from the stage to mean breaching security at a Ball.  The cited evidence is not competent evidence that words said from the stage were understood by anyone other than police to mean breaching security at a Ball.  "Crash" does not necessarily mean "unlawfully breach security," rather than merely "show up at the site uninvited."  The part of the second sentence that concerns breaching security is not relevant, let alone material, because there is no evidence that any plaintiff was a person who heard the announcement, understood it to refer to breaching security at a Ball, and specifically intended either to breach security at a Ball or to act in furtherance of that objective.  The second part of the second sentence, concerning discussion of property damage by some protestors, is not relevant, let alone material, because there is no evidence identifying any person who heard or participated in the discussion, no evidence that any of these persons damaged property, no evidence that any of these persons specifically intended to further acts of property damage, no evidence that any of these persons was arrested, and consequently no evidence that any of these persons is a plaintiff.

20.  The statement is undisputed but is relevant only as evidence of the undisputed material fact that plaintiffs marched for purposes of political expression.

21.  The statement is undisputed but is relevant only as evidence of the undisputed material fact that plaintiffs marched for purposes of political expression.

22.  The statement is undisputed but is relevant only as evidence of the undisputed material fact that plaintiffs marched for purposes of political expression, except that the second sentence in the statement is also evidence that persons in the position of Chief Lanier and Officer Keller could not possibly see or hear what each of the marchers did or said.

23. The statement is undisputed but is not relevant, let alone material.

24.  The first and second sentences in the statement are undisputed but are not relevant, let alone material.  The third sentence is undisputed.  The fourth and fifth sentences are not relevant, let alone material; because they do not describe conduct that is, or even claimed by defendant to be, unlawful; because they show that only some persons in the march, not all, engaged in the described conduct; because there is no evidence that anyone who did not engage in the described conduct specifically intended to further that conduct by others; because police gave no order to cease that conduct; and because there is no evidence that any person who engaged in the conduct or specifically intended to further it was arrested and is a plaintiff.  The sixth statement is not relevant, let alone material, because the feelings of the U/C are not relevant, let alone material; and the feelings of the U/C are not competent evidence of anything else.

25.  The first sentence in the statement is undisputed but is not relevant, let alone material.  The remaining sentences are not relevant, let alone material, because they do not describe conduct that is, or even claimed by defendant to be, unlawful; because they show that only some persons in the march, not all, possessed torches; because there is no

evidence that anyone who did not engage in the described conduct specifically intended to further that conduct by others; because police gave no order to cease that conduct; and because there is no evidence that any person who engaged in the conduct or specifically intended to further it was arrested and is a plaintiff.

26.  The statement is undisputed but not relevant because no evidence shows that any person in the march, whether or not possessing a torch, knew that a torch used in the march could, or knew or specifically intended that anyone would, propel flaming liquid or gelatinous material; because there is no evidence that anyone, let alone an identified person, propelled flaming liquid or gelatinous material; and because there is no evidence that anyone who may have had such knowledge or intent was arrested and is a plaintiff.

27. The statement is undisputed but is not relevant, let alone material.

28.  The part of the first sentence stating that some participants wore bandannas "to conceal their identities" is not supported by the cited evidence, and even if a declarant were to assert this based merely on observation of the fact that someone wore a bandanna it would not be competent evidence of the reason why the bandanna was worn.  The remainder of the statement is undisputed.   The statement is not relevant, let alone material, because it does not describe conduct that is, or even claimed by defendant to be, unlawful; because the statement admits that not all persons in the march engaged in the conduct described; because there is no evidence that anyone who did not engage in the conduct specifically intended to further that conduct by others; because police gave no order to cease that conduct; and because there is no evidence that any person who engaged in the conduct or specifically intended to further it was arrested and is a plaintiff.

30. The first sentence is undisputed. The second sentence is undisputed but is not relevant, let alone material. The third sentence is undisputed. The cited evidence does not support the portion of the fourth sentence that asserts that marchers occupied "the adjacent sidewalks." The cited evidence does not indicate the meaning of "occupy" and is not evidence that use of the roadway or sidewalk by persons not involved in the march was precluded. Even if it did mean that it would not be relevant, let alone material, because whatever meaning is given to "occupied" the sentence does not describe conduct that is, or even claimed by defendant to be, unlawful; because it is impossible for any individual, by himself, to occupy all lanes and sidewalks; because there is no evidence that anyone, let alone every plaintiff, specifically intended to act with others to do jointly what the sentence describes; because police gave no order to cease the conduct described; and because there is no evidence that any person who engaged in the conduct or specifically intended to further it was arrested and is a plaintiff.

31. Whether the block is "predominantly residential" is not relevant, let alone material, because peaceful political assembly and expression in a predominantly residential neighborhood is not conduct that is, or even claimed by defendant to be, unlawful; because police gave no order to cease that conduct; and because there is no evidence that any person who engaged in the conduct or specifically intended to further it was arrested and is a plaintiff. The cited evidence is not competent evidence that marchers "filled the entire roadway" if that phrase means that no person or vehicle not involved in the march could use the roadway because the evidence does not state that the marchers were so densely packed that it would have been impossible for them to make way for other traffic. Whether marchers "filled the entire roadway" is not relevant, let

6

alone material  because this conduct is not, and is not even claimed by defendant to be,
unlawful; because it is impossible for any individual, by himself, to fill an entire
roadway; because there is no evidence that anyone, let alone every plaintiff, specifically
intended to act with others to do this jointly; because police gave no order to cease the
conduct described; and because there is no evidence that any person who engaged in the
conduct or specifically intended to further it was arrested and is a plaintiff.  The part of
the second sentence stating Smith's lack of recollection is undisputed but is not relevant,
let alone material.  The cited evidence is not competent evidence that the "group held
numerous torches aloft and pounded away loudly on plastic buckets" because it is
undisputed that only some of marchers had torches or buckets, not each and every person
in the group.  The third sentence in the statement is not relevant, let alone material,
because it does not describe conduct that is, or even claimed by defendant to be,
unlawful; because not all persons in the march engaged in the conduct described; because
there is no evidence that anyone who did not engage in the conduct specifically intended
to further that conduct by others; because police gave no order to cease that conduct; and
because there is no evidence that any person who engaged in the conduct or specifically
intended to further it was arrested and is a plaintiff.

32.  The first and third sentences of the statement are undisputed but not relevant,
let alone material.  The remainder of the statement is not relevant, let alone material,
because (other than the part concerning vending boxes) it does not describe conduct that
is, or even claimed by defendant to be, unlawful; because the statement admits that not all
persons in the march engaged in the conduct described; because there is no evidence that
anyone who did not engage in the conduct specifically intended to further that conduct by

others; because police gave no order to bicycle riders to stop protecting the march from collision with cross traffic by acting in the same manner that police officers on bicycles or motorcycles do when they escort a march; because it is undisputed that police gave no order to disperse; because it is undisputed that plaintiffs marched peacefully for purposes of political expression; and because there is no evidence that any person who engaged in the described conduct or specifically intended to further it was arrested and is a plaintiff.

33.  The cited evidence is not competent evidence of the conduct stated in the first sentence because it is impossible for an observer of a large group to know whether each and every person in the group chants something.  The cited evidence is not competent evidence that clothing was used "to conceal their features" because it is impossible for a mere observer of clothing wearers to know their reason for wearing it.  The first two sentences are not relevant, let alone material, because they do not describe conduct that is, or even claimed by defendant to be, unlawful.  The entire statement is not relevant, let alone material, because it admits that not all persons in the march engaged in the conduct described; because there is no evidence that anyone who did not engage in the conduct specifically intended to further that conduct by others; and because there is no evidence that any person who engaged in the conduct or specifically intended to further it was arrested and is a plaintiff.

34.  The statement is not relevant, let alone material, because it does not describe conduct that is, or even claimed by defendant to be, unlawful; because there is no evidence that anyone, let alone all persons, in the march engaged in the conduct described; because there is no evidence that anyone who did not engage in the conduct specifically intended to further that conduct by others; because police gave no order to

cease the described conduct; and because there is no evidence that any person who engaged in the conduct or specifically intended to further it was arrested and is a plaintiff.

35. The statement is not relevant, let alone material, for the reasons stated in the responses to ¶¶ 11,15-19, 23, 31-33, respectively.

36. The statement is undisputed but is not relevant, let alone material.

37. The statement is undisputed but is not relevant, let alone material.

38. The cited evidence is not competent evidence of what "the marchers" did or did not notice because it was impossible for Keller to know what each and every marcher noticed. The cited evidence is not competent evidence that the "group was loud and boisterous" because it was impossible for Keller to know whether any particular individual, let alone each and every individual, in the group made a sound. The statement is not relevant, let alone material, because it does not describe conduct that is, or even claimed by defendant to be, unlawful; because not all persons in the group engaged in the conduct described; because there is no evidence that anyone who did not engage in the conduct specifically intended to further that conduct by others; because police gave no order to cease the described conduct; and because there is no evidence that any person who engaged in the conduct or specifically intended to further it was arrested and is a plaintiff.

39. The cited evidence is not competent evidence that "the group cheered and its members raised their arms," that "[t]his occurred more than six times," that "the entire group was engaging in the celebrations," that "[t]he mob . . . cheered and its members raised their arms in celebration," that there was "loud cheering and arm waving" by "everyone in the group," and that "Keller could see and hear this clearly from inside

Cruiser 18." It is impossible for Keller to have seen or heard that each and every person in the group cheered or raised an arm in celebration of any act, as Keller's declaration tacitly acknowledges in the sentences that say such things merely "appeared" to him to have occurred. Whether there were any "appearances" to Keller of things impossible for him actually to perceive is not relevant, let alone material. The entire statement is not relevant, let alone material, because there is no competent evidence that any identified individual, let alone each and every person arrested, engaged in or specifically intended to further the conduct described; because it is undisputed that plaintiffs marched peacefully for purposes of political expression; and because it is undisputed that police gave no order to disperse.

40. The cited evidence is not competent evidence that "many bottles and other missiles were thrown by the mob" because it was impossible for Keller to know whether each and every person in the group threw something or specifically intended to further such throwing. The entire statement is not relevant, let alone material, because there is no competent evidence that any identified individual, let alone each and every person arrested, engaged in or specifically intended to further the conduct described; because it is undisputed that plaintiffs marched peacefully for purposes of political expression; and because it is undisputed that police gave no order to disperse.

41. Assuming that by "mob" the statement means a group of persons all of whom have just behaved or are then behaving unlawfully, the cited evidence is not competent evidence that "the mob ran," that "officers caught the members of the mob who ran into the alley and then ran north into a dead-ended spur off the main alley," or that "Keller was able to see the arrested mob members." Running or being caught or arrested by

police is not by itself "mob" behavior.  Running can be a means of dispersing, an action that an innocent person might take.  It was impossible for Keller to know whether each and every person in the group that ran, was caught by police, or was arrested was a person who had committed or specifically intended to further any unlawful act so as to make that person a member of a "mob."  The entire statement is not relevant, let alone material, because it does not describe conduct that is, or even claimed by defendant to be, unlawful; because it is undisputed that plaintiffs marched peacefully for purposes of political expression; because police gave no order to disperse; because it is undisputed that arrestees included persons who entered the alley from Columbia road, not just persons who went into the alley from 18th Street; because there is no evidence that each person who was arrested was a person who engaged in the conduct described in the statement.

42.  For the reasons stated in the response to ¶ 41, the cited evidence is not competent evidence that all persons "running away" were members of a "mob." Assuming that by "mob" the statement means the group in the street visible to Keller, the cited evidence is not competent evidence that "the mob was breaking the LLU window" or "throwing missiles at Riley's cruiser and the CDU vans" because it was impossible for Keller to know whether each and every person in the group either committed or specifically intended to further one of these acts.  If by "mob" the statement means not the group visible in the street, but a group composed solely of persons each of whom broke a window, threw a missile, or specifically intended to further such an act, the statement that the mob was doing these things is not relevant, let alone material, because there is no evidence that each and every person arrested was a member of this "mob."

Under either meaning of "mob" the portion of the statement about the "mob" is not relevant, let alone material, because there is no competent evidence that any identified individual, let alone each and every person arrested, engaged in or specifically intended to further the "mob" conduct described; because it is undisputed that plaintiffs marched peacefully for purposes of political expression; and because it is undisputed that police gave no order to disperse.   The cited evidence is not competent evidence that, distinct from "the mob," were "hundreds of uninvolved onlookers on the sidewalk" who were "undisturbed by the MPD."  It was impossible for Keller to know whether each and every person standing on the sidewalk during the time in question was or was not arrested later. It is undisputed that the police did not surround the "mob" with a cordon of police and preserve that cordon "undisturbed" from the time of any "mob" action until the time of arrest, ensuring that no person who had been an onlooker on the sidewalk could possibly become an arrestee in the alley.  No evidence individually identifies each and every member of "the mob" and no evidence individually identifies each and every onlooker and the police took no action in the fluid situation to ensure that the persons later arrested in the alley were composed solely of "mob" members and could not possibly have included any onlooker.

43. The statement is not relevant, let alone material, because there is no competent evidence that any identified individual, let alone each and every person arrested, engaged in or specifically intended to further conduct that caused the damage described; because it is undisputed that plaintiffs marched peacefully for purposes of political expression; and because it is undisputed that police gave no order to disperse.

44.  The statement is undisputed but is not relevant, let alone material.

45. The first three sentences are undisputed but are not relevant, let alone material. The cited evidence is not competent evidence that each and every person in the group was boisterous or specifically intended to further the boisterousness of another, because it was not possible for Riley to know that. The fourth sentence is not relevant, let alone material, because it does not describe conduct that is, or even claimed by defendant to be, unlawful; because there is no competent evidence that all persons in the march engaged in the conduct described; because there is no evidence that anyone who did not engage in the conduct specifically intended to further that conduct by others; because police gave no order to cease that conduct; and because there is no evidence that any person who engaged in the conduct or specifically intended to further it was arrested and is a plaintiff.

46. The statement is not relevant, let alone material, because there is no competent evidence that any identified individual, let alone each and every person arrested, engaged in or specifically intended to further the described conduct; because it is undisputed that plaintiffs marched peacefully for purposes of political expression; and because it is undisputed that police gave no order to disperse.

47. This statement is similar to ¶ 41. The cited evidence is not competent and the statement is not relevant, let alone material, for reasons similar to those stated in the response to ¶ 41.

48. The statement is undisputed but is not relevant, let alone material.

49. The statement is undisputed but is not relevant, let alone material.

50. The first three sentences and the last sentence are undisputed but are relevant only as evidence of the undisputed material fact that plaintiffs marched for purposes of

political expression.  The cited evidence is not competent evidence that the Flier indicated that "the March" would "lead to" an explosive protest "in Adams Morgan." The text of the Flier is in evidence and does not state what the march would "lead to . . . in Adams Morgan."  The fourth and fifth sentences of the statement are not relevant, let alone material, because the text of the Flier on its face is protected political expression that does not advocate law-breaking; because "crash" does not necessarily mean "unlawfully breach security," rather than merely "show up at the site uninvited"; because there is no evidence that any plaintiff who read the Flier or heard the word "crash" and marched thereafter knew that the Flier or a speaker proposed unlawful acts, knew that others intended to engage in unlawful acts or understood the Flier or speaker to have proposed unlawful acts, or specifically intended to commit or further unlawful acts; because no evidence shows that every plaintiff had read the Flier or heard the reference to "crash"; and because it is undisputed that plaintiffs marched peacefully for political purposes.

51.  The statement is not relevant, let alone material.  Whether a permit was "required by District municipal regulations" is a question of law, not fact.  The question is not relevant.  It is undisputed that it was District of Columbia policy not to arrest demonstrators simply because they did not have a permit.

52.  The first two sentences are undisputed, but are relevant only as evidence that the persons Lanier traveled behind were too numerous for her or anyone with her to see or hear what each of them did.  The cited evidence is not competent evidence of whether any marcher did nor did not notice Cruiser 18 because it was impossible for Lanier to know this.  Whether any noticed this or appeared to Lanier to notice this is not relevant,

let alone material.  The cited evidence is not competent evidence that each and every person in "the march was violent and disorderly, and endangering public safety" and was a member of a "mob [that] caused significant property damage."  These statements about "the march" and the "mob" as a group and the statements about some carrying torches and some committing unlawful acts are similar to statements in ¶¶ 31, 33, 38, 39, 40, 41, 42, 46, and 47.  These statements are not relevant, let alone material, and the cited evidence is not competent for the reasons stated in the responses above to those numbered paragraphs.  There is no dispute about District policy.  It is undisputed that District policy required the police to support peaceful marches that did not have a written permit.  Plaintiffs do not contend that District policy required the police to support and continue to allow a peaceful march if persons in the march started committing unlawful acts of property destruction or violence and the police reasonably needed to act to control the group to stop unlawful acts.  That the District was not required to continue supporting a march that became infected by the unlawful acts of some is not relevant.  The relevant point is that absent an order to disperse and reasonable opportunity to comply police were not justified in detaining marchers as a group.

53.  The statement is undisputed but not relevant, let alone material.

54.  The first three sentences are undisputed.  The statements in the next four sentences are similar to statements in ¶¶ 31, 33, 38, 39, 40, 41, 42, 46, and 47.  These statements are not relevant, let alone material, and the cited evidence is not competent for the reasons stated in the responses above to those numbered paragraphs.  The statement about what the "MPD could not support" is a conclusion, not a statement of material fact.  The cited evidence does not support the statement that the persons whom Lanier ordered

arrested were "the rioters," for reasons stated in the responses to ¶¶ 31, 33, 38, 39, 40, 41, 42, 46, and 47.  Police had no evidence identifying each and every person arrested in the alley as a person who had conspired to riot or committed or specifically intended to further an act of rioting.

55.  It is undisputed that police charged the plaintiffs with parading without a permit.  The remainder of the statement is not relevant, let alone material.

56.  The statement is undisputed and shows that each plaintiff was unlawfully arrested based on an unconstitutional theory of "group probable cause."  Police had no evidence indentifying any plaintiff, let alone each and every plaintiff, as a person who committed any unlawful act attributed to "the group" in the text of the Field Arrest Forms.

57-61.  The statements are not relevant, let alone material, because they do not state facts establishing, and the cited evidence is not evidence showing, that police had or even that there is now any evidence that plaintiff Allyson Kirk or any individually identified plaintiff committed, conspired to commit, or specifically intended to further any unlawful act.  The cited evidence identifies the "common plan" as "marching peacefully" and defines "revolutionary action" as "any kind of speaking in opposition to a ruling party."  It says "Speaking out against that in a public setting is revolutionary action."  The cited evidence identifies "direct action" to be "direct action such as marching and participating in a march."  It also states that "in some instances" direct action can be civil disobedience but the next page of the transcript (page 71) states that civil disobedience "was not our intention" on the night in question.

62.  The cited evidence from police officers is not evidence of what plaintiff Allyson Kirk means by the phrase "direct action."  The statement is similar to statements in ¶¶ 31, 33, 38, 39, 40, 41, 42, 46, and 47.  The statement is not relevant, let alone material, for the reasons stated in the responses above to those numbered paragraphs.

63-65.  The statements are not relevant, let alone material, because they do not state facts establishing, and the cited evidence is not evidence showing, that police had or even that there is now any evidence that plaintiff Allyson Kirk or any individually identified plaintiff committed, conspired to commit, or specifically intended to further any unlawful act.  The evidence identifies the militant action and civil disobedience to be respected and valued as a "sit-in or civil disobedience in that manner," not action besides marching that was "engaged in along the March route on January 20, 2005."  The evidence does not state that "disruption" refers to unlawful acts rather than loud chanting and marching in the street.

66-69.  The statements are similar to statements in ¶¶ 31, 33, 38, 39, 40, 41, 42, 46, and 47.  The statements are not relevant, let alone material, for the reasons stated in the responses above to those numbered paragraphs.

70.  The statement are not relevant, let alone material, because it does not state facts establishing that police had any evidence that any individually identified plaintiff committed, conspired to commit, or specifically intended to further any unlawful act.

71.  The cited evidence does not support the statement.  The evidence says that "there were individuals committing the acts" and says "I disagree with the statement . . . that 'a large number of the participants in the unlawful parade were destructive and violent' because that was not the case."  The evidence does not say that the individuals

who committed the acts were march participants.  The statement is similar to some of the statements in ¶¶ 31, 33, 38, 39, 40, 41, 42, 46, and 47.  The statement is not relevant, let alone material, for the reasons stated in the responses above to those numbered paragraphs that contain similar statements.

72.  The statement distorts, by omission, the evidence.  The evidence states, "[w]e felt comfortable continuing with the march because those people [who had been spray painting] were no longer in the vicinity.  The acts of vandalism were no longer around us."  The evidence also states that Josh voiced disapproval of the spray painting: "Josh . . . yelled to them hey, what you are doing, that's not what this is about.  And they didn't respond but they kept running."  The statement about spray painting is similar to some of the statements in ¶¶ 31, 33, 38, 39, 40, 41, 42, 46, and 47.  The statement is not relevant, let alone material, for the reasons stated in the responses above to those numbered paragraphs that contain similar statements.

73.  The cited evidence does not state the reason why plaintiffs' paragraph 35 is not true.  It does not state why the evidence cited in support of plaintiffs' paragraph 35 is not true or why it does not support the paragraph.  There is no dispute about a material fact.  It is undisputed that District policy required police to support peaceful marches that did not have a written permit.  Plaintiffs do not contend that District policy required the police to support and continue to allow a peaceful march if persons in the march started committing unlawful acts of property destruction or violence and the police reasonably needed to act to control the group to stop unlawful acts.  That the District was not required to continue supporting a march that became infected by the unlawful acts of

some is not relevant. The relevant point is that absent an order to disperse and reasonable opportunity to comply police were not justified in detaining marchers as a group.

74-80. These statements concerning written permits are not relevant, let alone material.

81-85. These statements concerning facilitation of marches that have no written permits and what Lanier would have done if she had been at the concert are not relevant, let alone material. The relevant points are that it was District policy not to arrest demonstrators simply because they had no written permit and the police gave no order to disperse or any other communication denying permission to march.

86-90. These statements about what Lanier knew about district court proceedings in the *Barham* and *Abbate* cases and mass arrests in September 2002 and April 2000 are not relevant, let alone material. The relevant points are that as of September 2004 and the time of plaintiffs' arrest it was District policy not to arrest demonstrators simply because they had no written permit; and that, before arresting plaintiffs, the police gave no order to disperse or any other communication denying permission to march.

91-102. These statements seeking to justify a mass arrest in September 2002 that resulted in a class action lawsuit, a $1,000,000 accepted offer of judgment including agreement not to oppose a court order declaring the arrests null and void, and condemnation of the arrests by the Court at the August 1, 2007, fairness hearing, *Burgin v. District of Columbia*, Civ. A. No. 03-02005 (EGS) (D.D.C. accepted offer of judgment in the amount of $1,000,000 approved Aug. 1, 2007), are not relevant, let alone material. The relevant points are that as of September 2004 and the time of plaintiffs' arrest it was District policy not to arrest demonstrators simply because they had no written permit; and

that, before arresting plaintiffs, the police gave no order to disperse or any other communication denying permission to march.

103-109.  These statements about non-arrest of demonstrators on occasions before and after the arrest of the plaintiffs are not relevant, let alone material, to whether defendant is liable for unlawful arrest of the plaintiffs.  No motion for injunction is pending before the Court.  There is no evidence that the circumstances of the other demonstrations were the same as the circumstances in which plaintiffs were arrested. Defendant expressly has asserted (in interrogatory responses served after the August 1, 2007, optimistic remarks by plaintiffs' counsel in *Burgin*) that the District believes it would be proper to do again what it did in this case.  If an injunction is to be sought the principal question will be whether the District should be enjoined from making an arrest like the mass arrest of the plaintiffs without giving an order to disperse and a reasonable opportunity to comply.

110-13.  The statements about Topper's knowledge and individual actions are not relevant, let alone material.  The statements referring to unlawful acts, marchers moving into the alley and being arrested, and a "mob" are similar to some of the statements in ¶¶ 31, 33, 38, 39, 40, 41, 42, 46, and 47.  The statements are not relevant, let alone material, for the reasons stated in the responses above to those numbered paragraphs that contain similar statements.

114-15.  These statements are undisputed.

116.  The cited evidence does not support the statement, "Nor did she complain of pain or injury caused by the flexcuffs."  The cited evidence only supports the statement that plaintiff did not complain to Topper.  It is undisputed that she complained to two

other officers. (Pls.'s Ex. C, Chelsea Kirk Deposition Tr. 161; Pls.'s Ex. T, Chelsea Kirk

Deposition Tr. 174.)  The other sentences in this statement are undisputed.

117.  The cited evidence does not support the statement, "Nor did she complain

that the flexcuffs had caused her or were causing her pain or injury."  The cited evidence

only supports the statement that plaintiff did not complain to Topper.  It is undisputed

that she complained to two other officers.  The other sentences in this statement are

undisputed.

118.  The statement is undisputed.

119.  The statement is not relevant, let alone material.

120.  The statement is undisputed.

121.  The statement distorts, by omission, the evidence.  The evidence shows that

the drinks were consumed over four hours.  Other evidence shows that Singer was not

impaired.  (Pls.'s Ex. V, Matthew Singer Deposition Tr. 132.)  The statement is not

relevant, let alone material.

122.  The statement is not supported by the cited evidence.  The cited evidence

referring to the march does not state that "its nature deteriorated significantly, as it

became infected with acts of violence and destruction."  The cited evidence from

defendant's exhibit 12 states:

> After twenty minutes of so, however, what had begun as a joyous, spirited
> protest took on a sour note.  Ahead of us I saw about three people I did not
> know—and whose faces were covered with bandanas—knocking over
> newspaper vending machines.  I also saw what appeared to be freshly sprayed
> paint on three buildings and a jeep.  My friends and others near us yelled at
> those people to stop because such conduct was contrary to our purpose.

(Def.'s Ex. 12, Sarah Carr Answer to Interrog. 9 at 14.)  The phrase "sour note" does

mean "deteriorated significantly" or "infected with acts of violence and destruction."

The cited evidence from defendant's exhibit 13 does not state anything at all about the "nature" of the march or whether it was "infected" with anything. Nor does the cited evidence from defendant's exhibit 14 say anything about the "nature" of the march or whether it was "infected." The cited evidence states, "*For Allyson, Josh and me*, the mood turned sour." (Def.'s Ex. 14, Chelsea Kirk Answer to Interrog. 9 at 13 [emphasis added].) The statement's reference to acts of violence and destruction is similar to some of the statements in ¶¶ 31, 33, 38, 39, 40, 41, 42, 46, and 47. The reference is not relevant, let alone material, for the reasons stated in the responses above to those numbered paragraphs that contain similar statements.

123. The statement is not disputed.

Respectfully submitted,

/s/ Arthur B. Spitzer
Arthur B. Spitzer, D.C. Bar No. 235960
Fritz Mulhauser, D.C. Bar No. 455377
American Civil Liberties Union
of the National Capital Area
1400 20th Street, NW, #119
Washington, DC 20036
202/457-0800

/s/ Daniel M. Schember
Daniel M. Schember, D.C. Bar #237180
Susan B. Dunham, D.C. Bar # 362378
Gaffney & Schember, PC
1666 Connecticut Avenue, NW, Suite 225
Washington, DC 20009
202/328-2244

On behalf of the D.C. Chapter, National
Lawyers Guild and the American Civil
Liberties Union of the National Capital Area

Counsel for Plaintiffs

April 11, 2008