UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARAH CARR, *et al*.,  )<br>  )<br>            Plaintiffs,  )<br>  )<br>      v.  )<br>  )<br>DISTRICT OF COLUMBIA,  )<br>  )<br>            Defendant.  )<br>  ) | Civ. A. No. 06-00098 (ESH) |

**PLAINTIFFS' MOTION FOR INJUNCTION
REQUIRING EXPUNGEMENT OF ARREST RECORDS**

Plaintiffs, without waiving their right to seek additional relief on behalf of themselves or the plaintiff class, or both, move the Court to issue now an injunction requiring defendant to expunge District of Columbia police records of their arrests and to request that the Federal Bureau of Investigation either destroy, or return to the District for expungement, any such records that the Bureau may have.  Defendant opposes this motion.

In support of this motion plaintiffs rely on the accompanying memorandum.

Respectfully submitted,

/s/ Arthur B. Spitzer
Arthur B. Spitzer, D.C. Bar No. 235960
Fritz Mulhauser, D.C. Bar No. 455377
American Civil Liberties Union
of the National Capital Area
1400 20th Street, NW, #119
Washington, DC 20036
202/457-0800

/s/ Daniel M. Schember
Daniel M. Schember, D.C. Bar #237180
Susan B. Dunham, D.C. Bar # 362378
Gaffney & Schember, PC
1666 Connecticut Avenue, NW, Suite 225
Washington, DC 20009
202/328-2244

On behalf of the D.C. Chapter, National Lawyers Guild and the American Civil Liberties Union of the National Capital Area

Counsel for Plaintiffs

June 26, 2008

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARAH CARR, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. A. No. 06-00098 (ESH) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION
FOR INJUNCTION REQUIRING EXPUNGEMENT OF ARREST RECORDS**

The Court having entered partial summary judgment finding plaintiffs' arrests on the night of January 20-21, 2005, to have been unlawful, an injunction requiring expungement of plaintiffs' arrest records is both within the Court's power and appropriate. *Sullivan v. Murphy*, 478 F.2d 938, 968-72 (D.C. Cir. 1973) ("court may order the expungement of . . . arrest records"; "expungement . . . appropriate . . . in the wake of police action in violation of constitutional rights"; "adverse personal consequences . . . may flow from the existence of an arrest record"; "any legitimate public interest in these records is severely undermined by the fact that they are the product of an arrest procedure that was not rooted in probable cause determinations"). *See also Menard v. Saxbe*, 498 F.2d 1017, 1023-24 (D.C. Cir. 1974).

This relief has been afforded in settlements of several recent cases involving the mass arrest of demonstrators in this jurisdiction. *See, e.g., Abbate v. Ramsey*, 355 F. Supp.2d 377, 380-81 (D.D.C. 2005) (persons arrested in Pershing Park on September 27,

2002); *Burgin v. District of Columbia*, No. 03-cv-2005 (D.D.C. Aug. 1, 2007) (order approving proposed judgment) (copy attached).

Further, it is appropriate that defendant be required to ask the Federal Bureau of Investigation to destroy or return to the District any records of plaintiffs' arrest that are possessed by the Bureau. *Menard*, 498 F. 2d at 1025. This relief was afforded in *Abbate* and *Burgin*.

Entry of this injunction now, without prejudice to plaintiffs' right to seek additional relief later, would facilitate the efficient management of this case. As indicated during the parties' June 20, 2008, conference call with the Court, the parties agree that immediate appellate review of the Court's June 17 decision would be the most efficient next step. The Court's grant of partial summary judgment on liability, however, cannot be the basis for a Fed. R. Civ. P. 54(b) "no just reason for delay" order. *See, e.g., Kaszuk v. Bakery and Confectionery Union*, 791 F.2d 548, 553 (7th Cir. 1986) ("A decision that fixes liability but not damages is not appealable, despite the entry of an order under Rule 54(b)."). Further, plaintiffs maintain that certification under 28 U.S.C. § 1292(b) would be improper because, in plaintiffs' view, the controlling questions of law on which the Court based its June 17 decision are not ones "as to which there is substantial ground for difference of opinion." In any event, an order under Rule 54(b) or certification under § 1292(b) would not guarantee immediate appealability of the June 17 ruling, because a Rule 54(b) order could (and we think would) be found improper and a § 1292(b) certification could be rejected by the Court of Appeals. Grant of the requested injunction, however, could be immediately appealed by defendant as a matter of right. 28

2

U.S.C. § 1292(a)(1).  If the Court were to issue the injunction and defendant were to appeal, further proceedings in this Court could be stayed pending decision of the appeal.[1]

For these reasons, plaintiffs' motion should be granted.

>
> Respectfully submitted,
>
> /s/ Arthur B. Spitzer
> Arthur B. Spitzer, D.C. Bar No. 235960
> Fritz Mulhauser, D.C. Bar No. 455377
> American Civil Liberties Union
> of the National Capital Area
> 1400 20th Street, NW, #119
> Washington, DC 20036
> 202/457-0800
>
> /s/ Daniel M. Schember
> Daniel M. Schember, D.C. Bar #237180
> Susan B. Dunham, D.C. Bar # 362378
> Gaffney & Schember, PC
> 1666 Connecticut Avenue, NW, Suite 225
> Washington, DC 20009
> 202/328-2244
>
> On behalf of the D.C. Chapter, National
> Lawyers Guild and the American Civil
> Liberties Union of the National Capital Area
>
> Counsel for Plaintiffs

June 26, 2008

---

[1] The effectiveness of the requested injunction also should be stayed pending appeal, because the appeal might otherwise become moot when plaintiffs' arrest records were expunged.  We have included language staying the injunction in the accompanying proposed order.

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
AUG - 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CATHERINE BURGIN, *et al.*, )
)
Plaintiffs, )
)
v. ) Civ. A. No. 03-02005 (EGS)
)
DISTRICT OF COLUMBIA, )
)
Defendant. )
_____)

## ORDER

On consideration of plaintiffs' Consent Motion for Approval of Proposed Judgment and Payment Distribution, Unopposed Motion for Orders Nullifying Arrests, and Consent Motion to Seal List of Class Members, it is this /S/ day of August, 2007,

ORDERED, that plaintiffs' motions are granted. It is FURTHER ORDERED as follows:

1. The Clerk will enter judgment against defendant District of Columbia and in favor of plaintiffs in the amount of $1,000,000 (one million dollars).

2. Defendant District of Columbia will pay the judgment amount to the American Civil Liberties Union Fund of the National Capital Area, which will distribute it as follows:

- $720,000, in equal shares, to the Class Representatives and Participating Class Members;

- $80,000 to the Class Representatives ($5,000 to each of the 16 representatives) for their services as Class Representatives; and

- $200,000 (20%) to Class Counsel for their fees and expenses.

3. Plaintiffs may file under seal a list of the names, dates of birth, and social security numbers of the Class Representatives and the Participating Class Members. Plaintiffs will deliver the list filed under seal to defendant's counsel.

4. Defendant District of Columbia will maintain the list of Class Representatives and Participating Class Members that plaintiffs file under seal in a secure manner and will use the list solely for purposes of implementing this Order.

5. Defendant District of Columbia promptly will expunge all records in the possession of its Executive Branch (including all records in the possession of the Metropolitan Police Department and the Office of the Attorney General for the District of Columbia) pertaining to the arrests on September 27, 2002, of the Class Representatives and Participating Class Members.

6. Defendant District of Columbia promptly will employ best efforts to procure the expungement of all records in the possession of the United States Government (including but not limited to the Federal Bureau of Investigation) and any other state or local government pertaining to the arrests on September 27, 2002, of the Class Representatives and Participating Class Members. The District of Columbia will either (1) procure the expungement or delivery to plaintiffs' counsel of all records in the possession of the United States Government (including but not limited to the Federal Bureau of Investigation) and any state and local government pertaining to the arrests on September 27, 2002, of the Class Representatives and Participating Class Members, or resulting detention or charge; or (2) if the District is unable (in whole or in part) to procure this relief, inform, through counsel, such Class Representatives or Participating Class Members for whom such relief is not obtained in writing of the specific steps, and results thereof, taken by the District in an effort to procure it.

7. The arrests of the Class Representatives and Participating Class Members on September 27, 2002, are hereby declared to be null and void. Each Class Representative and Participating Class Member is authorized to deny the occurrence of his or her arrest that day, without being subject to any penalty of perjury, fraud, or other offense premised upon misrepresentation or deception, in response to any query, whether posed orally or in writing. This Court shall retain jurisdiction of this case for the limited purpose of enforcing the rights of Class Representatives and Participating Class Members under this paragraph.

8. Counsel for plaintiffs will file with the Clerk of the Court, under seal, paper copies of draft orders, one for each Class Representative or Participating Class Member, bearing the case caption and stating as follows:

### ORDER

The arrest of [insert name, date of birth, and social security number] on September 27, 2002, in the District of Columbia is hereby declared to be null and void. [Mr. or Ms. insert last name] is authorized to deny the occurrence of [his or her] arrest that day, without being subject to any penalty of perjury, fraud, or other offense premised upon misrepresentation or deception, in response to any query, whether posed orally or in writing.

So ordered this ____ day of _____, 2007

_____
Emmet G. Sullivan
United States District Judge

When signed, the Clerk will file the orders under seal, and mail certified copies to counsel for plaintiffs.

_____
Emmet G. Sullivan
United States District Judge

Notice to:

Arthur B. Spitzer
Fritz Mulhauser
ACLU National Capital Area
1400 20th Street, N.W., #119
Washington, D.C. 20036

Daniel M. Schember
Susan B. Dunham
D.C. Chapter, National Lawyers Guild
Gaffney & Schember, P.C.
1666 Connecticut Avenue, N.W., Ste. 225
Washington, D.C. 20009

Thomas L. Koger
Assistant Attorney General
441 4th Street, N.W., Sixth Floor
Washington, D.C. 20001