## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| SARAH CARR, *et al*., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 06-00098 (ESH) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT DISTRICT OF COLUMBIA'S
## MEMORANDUM OF POINTS AND AUTHORITIES IN
## OPPOSITION TO PLAINTIFFS' MOTION FOR INJUNCTION
## REQUIRING EXPUNGEMENT OF ARREST RECORDS

Defendant, District of Columbia ("District"), by and through counsel, respectfully submits this memorandum of points and authorities in opposition to Plaintiffs' Motion Requiring Expungement Of Arrest Records ("Pls Inj Mot"). The District believes that this Honorable Court erred in granting summary judgment to Plaintiffs. Accordingly, the District opposes Pls Inj Mot on two bases.

First, even if the District's filings failed to demonstrate as a matter of law the existence of probable cause for Plaintiffs' arrests, reading the record in the light most favorable to the District and affording the District all reasonable inferences available from the record, summary judgment should have been denied based on the existence of genuine issues of material fact. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986); *Wash. Post Co. v. United States Dep't of Health and Human Services*, 865 F.2d 320, 325 (D.C. Cir. 1989). The District incorporates by reference the entire record upon which the cross-motions for summary judgment were decided in support of this opposition.

Second, the Court's decision misapplies precedent in holding that the District lacked probable cause to arrest Plaintiffs for parading without a permit. The Court reasoned that "even a protestor who knew the march was unpermitted had no way of knowing that his behavior was unlawful." *Carr, et al. v. District of Columbia*, 06cv0098, slip op. at 16, n.15 (Doc. 63). This analysis raises ignorance of the law beyond a defense. Under the Court's analysis, even where a person knowingly committed all elements of the offence for which he was arrested, the government could not establish probable cause, much less guilt, if the arrestee were simply ignorant of the law. This reasoning is not supported by *United States v. Sheehan*, 512 F.3d 621 (D.C. 2008); *Barham v. Ramsey,* 434 F.3d 565 (D.C. Cir. 2006); or *American-Arab Anti-Discrimination Committee v. City of Dearborn*, 418 F.3d 600 (6th Cir. 2005).

Accordingly, the Court should not enter Plaintiffs' requested injunction.

Respectfully submitted,

PETER J. NICKLES
Interim Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

s:/ Ellen A. Efros
ELLEN A. EFROS [250746]
Chief, Equity I

s:/ Thomas L. Koger
THOMAS L. KOGER [427921]
Senior Assistant Attorney General
441 Fourth Street, NW, 6th Floor South
Washington, DC 20001
(202) 724-6610
(202) 727-3625 (fax)
E-mail:  Thomas.Koger@dg.gov

Attorneys for Defendant District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARAH CARR, *et al*., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civ. A. No. 06-00098 (ESH) |
| ) | |
| DISTRICT OF COLUMBIA, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Upon due consideration of Plaintiffs' Motion For Injunction Requiring Expungement Of Arrest Records and Defendant District of Columbia's opposition thereto, it is this _____day of _____, 2008,

ORDERED that Plaintiffs' motion is DENIED.

_____
ELLEN SEGAL HUVELLE
United States District Judge