UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SARAH CARR, *et al.*,        ) | |
| Plaintiffs,        ) | |
| v.        ) | Civ. A. No. 06-00098 (ESH) |
| DISTRICT OF COLUMBIA,        ) | |
| Defendant.        ) | |

**REPLY IN SUPPORT OF PLAINTIFFS' MOTION
FOR INJUNCTION REQUIRING EXPUNGEMENT OF ARREST RECORDS**

Defendant's opposition [Doc 65] does not deny that the requested injunction should be issued if plaintiffs' arrests were unlawful.  Instead, defendant argues that the Court improperly granted plaintiffs partial summary judgment holding their arrests to be unlawful, and asserts that "reasonable inferences from the record" create "genuine issues of material fact" as to "the existence of probable cause for Plaintiffs' arrests."  Def.'s Opp. at 1.

Defendant's opposition is not persuasive, as this Court already has found.  The knowledge of the police and all reasonable inferences from it fail to establish probable cause to arrest plaintiffs for either rioting or parading without permission.  What police officers saw and heard did not establish probable cause to arrest plaintiffs on either ground, and the inferences that defendant believes should be drawn from what the police saw and heard are both unreasonable and prohibited by the First Amendment.

**Rioting**

No evidence identifies any individual who personally committed an act of rioting, and defendant does not claim that each person arrested did such an act.  No evidence identifies any

person who encouraged rioting, and defendant's declarations asserting that two police officers saw or heard everyone in the street simultaneously encourage window breaking are not competent evidence, because it was not possible for police to see or hear this. *Jackson v. United States*, 353 F.2d 862, 867 (D.C. Cir. 1965). This aside, no evidence shows that each and every person arrested in the alley had been in the street at the time of an incident of window breaking. For this reason as well, arrest of the plaintiffs for encouraging rioting was unconstitutional. *Barham v. Ramsey*, 424 F.3d 565, 573-75 (D.C. Cir. 2006)

      Plaintiffs marched peacefully in the street for political purposes. Absent evidence of their specific intent to further rioting, arrest of the plaintiffs for encouraging rioting or conspiring to riot was prohibited by the First Amendment. *NAACP v. Claiborne Hardware Co.*, 458 U.S. 886, 919 (1982); *United States v. Robel*, 389 U.S. 258, 262-65 (1967); *Keyishian v. Board of Regents of Univ. of State of New York*, 385 U.S. 589, 606 (1967); *Elfbrandt v. Russell*, 384 U.S. 11, 19 (1966). The leaflet and concert announcements, and plaintiffs' continued peaceful marching after seeing others near them commit unlawful acts, are not evidence of plaintiffs' specific intent to further rioting and the First Amendment precludes inference of that intent from the leaflet, the announcements, and continuation of the march. *Claiborne Hardware*, 458 U.S. at 888, 908-11, 915-19, 925 n. 69. This aside, there is no evidence that every person arrested in the alley wrote or read the leaflet, made or heard a concert announcement, or continued marching after seeing an unlawful act. For this reason as well, arrest of the plaintiffs for encouraging rioting was unconstitutional. *Barham*, 424 F.3d at 573-75.

      Absent an order to disperse and reasonable opportunity to comply, the acts of rioting by unknown persons did not give the police probable cause to surround and arrest an undifferentiated group that included the plaintiffs. *Barham*, 424 F.3d at 575-76.

For all of these reasons, what the police knew and could reasonably infer did not provide probable cause to arrest the plaintiffs for rioting, encouraging rioting, or conspiring to riot.

**Parading Without Permission**

Arrest for demonstrating without permission is prohibited by the First Amendment absent evidence that each person arrested actually knows the demonstration is not permitted. *United States v. Sheehan*, 512 F.3d 621, 631 (D.C. Cir. 2008); *American-Arab Anti-Discrimination Committee v. City of Dearborn*, 418 F.3d 600, 611-12 (6th Cir. 2005). Because police neither gave an order to disperse nor otherwise informed the marchers that they were parading without permission, police had no probable cause to believe that each and every one of them actually knew that the march was not permitted. Before deciding to march peacefully in the street for political purposes, persons have no duty to research or inquire whether permission has been granted or to assess the likelihood based on surrounding circumstances. *City of Dearborn*, 418 F.3d at 611-12. The First Amendment precludes an inference of actual knowledge based on what persons reasonably might or should have known based on research, inquiry, or assessment of circumstances. *Id*. Allowing such an inference would have an impermissible chilling effect on First Amendment rights. *Id*.

This is dispositive. Consequently, defendant's objection to the Court's *additional* observation that "even a protestor who knew the march [had no written permit] had no way of knowing that his behavior was unlawful," Def.'s Opp. [Doc 65] at 2 (internal quotation marks and citation omitted), has no significance. Absent an order or announcement informing marchers they lacked permission, police had no probable cause to believe that each and every one of them actually knew that a written permit had not been issued.

Defendant's objection, moreover, is not valid. Defendant asserts that—even though it was District policy to accommodate political street marches that had no written permit and to not arrest persons simply for parading without a written permit—it still was "unlawful" to parade without a written permit, and peaceful marchers were subject to arrest without warning if the arrest were made for a reason other than peaceful marching. It is this assertion by defendant, however, that is unlawful.

Defendant's assertion is incompatible with the First Amendment. If defendant's assertion was in fact "the law" of the District of Columbia, then the law was unconstitutional. Peaceful political street marching is protected by the First Amendment and is subject only to reasonable time, place, or manner restrictions. *Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989); *Clarke v. Community for Creative Non-Violence*, 468 U.S. 288, 293 (1984); *Perry Education Assn. v. Perry Local Educators' Ass'n.*, 460 U.S. 37, 45 (1983). A policy that tells peaceful political marchers that they will not be arrested simply for parading without a written permit, but then subjects the peaceful marchers to arrest without warning if persons in the area *other than the peaceful marchers* commit unlawful acts, is not reasonable. It is an impermissible restriction on First Amendment rights. It subjects peaceful political marchers to arrest without warning for reasons that are neither their fault nor within their control.

Here, the reason for the mass arrest was defendant's conclusion that everyone was rioting. This mass arrest for rioting, however, without an order to disperse and opportunity to comply, was unconstitutional. Thus, the reason for plaintiffs' arrest was an unconstitutional reason. A local policy that, as applied here, says there will be no arrest simply for parading without a permit, but peaceful marchers can be arrested for another reason, *including an unconstitutional reason*, is not a reasonable time, place, and manner restriction on peaceful

4

political street marching.  Rather, it is an unconstitutional restriction—a restriction imposed for an unconstitutional reason.

Defendant's objection on page 2 of its opposition therefore is invalid as well as an insufficient basis for overturning the grant of partial summary judgment to plaintiffs.

There was no probable cause to arrest plaintiffs for parading without permission because police had no evidence that each and every marcher knew written permission had not been granted.  Even if all of them had known this, moreover, the policy that defendant asserts as a basis for arresting them without warning was an unreasonable and therefore unconstitutional restriction of the First Amendment right to march peacefully in the street for political purposes.

**Conclusion**

As part of this reply, we incorporate by reference all other arguments that we presented in seeking partial summary judgment on liability and opposing defendant's motion for summary judgment.  Plaintiffs' motion for an injunction requiring expungement of arrest records should be granted.

Respectfully submitted,

/s/ *Arthur B. Spitzer*
Arthur B. Spitzer, D.C. Bar No. 235960
Fritz Mulhauser, D.C. Bar No. 455377
American Civil Liberties Union
of the National Capital Area
1400 20th Street, NW, #119
Washington, DC 20036
202/457-0800

/s/ *Daniel M. Schember*
Daniel M. Schember, D.C. Bar #237180
Susan B. Dunham, D.C. Bar # 362378
Gaffney & Schember, PC
1666 Connecticut Avenue, NW, Suite 225
Washington, DC 20009
202/328-2244

On behalf of the D.C. Chapter, National Lawyers Guild and the American Civil Liberties Union of the National Capital Area

Counsel for Plaintiffs

July 1, 2008