UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SARAH CARR, et al., )
)
Plaintiffs, )
)
v. ) Civil Action No. 06-0098 (ESH)
)
DISTRICT OF COLUMBIA, )
)
Defendant. )
)

**FILED**

**AUG 0 1 2011**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## [~~PROPOSED~~] FINAL ORDER AND JUDGMENT

On consideration of Plaintiffs' Consent Motion for Final Approval of Class Action Settlement Agreement and Entry of Final Order and Judgment and Unopposed Motion for Orders Nullifying Arrests, the Court makes the following findings and conclusions:

This Court has jurisdiction over all parties and subject matter jurisdiction to approve the Settlement Agreement and enter this Final Order and Judgment.

The Court finds that fifty-six persons, including the five Class Representatives, have elected to participate in the Settlement and that all of these persons have adequately demonstrated their membership in the Class ("Participating Class Members"). No untimely responses were received and no claims of class membership were made by any person for whom class membership could not be verified. No persons have opted out of the monetary portion of the Settlement. Nor have any objections to the Settlement been filed.

The Settlement Agreement [Dkt. No. 141-2] is fair, reasonable, and adequate as to each of the Parties, and consistent and in compliance with all requirements of federal and District of Columbia law.

The Settlement Agreement and this Final Order and Judgment is binding on and has a *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings encompassed or contemplated by the Release (as set forth in Paragraphs 16-17 of the Settlement Agreement) maintained by or on behalf of the Class Representatives and Participating Class Members.

As clearly demonstrated by the 80% response rate by Participating Class Members, notice pursuant to the Settlement Agreement constituted the best practicable notice, and was reasonably calculated, under the circumstances, to apprise members of the Class of the Settlement Agreement of their rights with respect thereto, and met all applicable requirements under the law, including the notice requirements set forth in 28 U.S.C. § 1715(b).

Class Counsel and the Class Representatives adequately represented the class for the purpose of entering into and implementing the Settlement Agreement.

Class Counsel have adequately confirmed the identity of each of the fifty-six Participating Class Members, and have provided such confirmation to counsel for the District of Columbia.

Accordingly, it is this ___1___ day of August, 2011, ordered, that Plaintiffs' motions are GRANTED.

IT IS FURTHER ORDERED AS FOLLOWS:

1. In accordance with the Settlement Agreement, Defendant District of Columbia shall pay $250,000 (two-hundred-and-fifty-thousand dollars) ("Settlement Payment") to settle all money claims in the lawsuit, including attorneys' fees and costs, to be divided among Class Members, Class Counsel and the Individual Claimants. The Settlement Payment shall be made within ninety (90) days after final district court approval of the settlement and receipt by the

Defendant of an executed IRS Form W-9 for the payee, unless a notice of appeal form this Final Order and Judgment is filed within thirty (30) days of the entry of this Final Order and Judgment on the docket. Should a timely notice of appeal from this Final Order and Judgment be filed, and should this Final Order and Judgment not be reversed on appeal, then payment shall be made within ninety (90) days after the exhaustion of all appeals and any period of time in which an objector or challenger may seek review by writ of certiorari to the United States Supreme Court. In the event that the Settlement Payment is not made within ninety (90) days of this Order, interest will accrue upon the settlement amount, commencing on the ninety-first (91st) day following the entry of this Final Order and Judgment on the docket, at the rate provided for by 28 U.S.C. § 1961 for interest upon judgments. To the extent such interest accrues, Defendant District of Columbia shall pay the accrued interest in addition to the Settlement Payment. If the Settlement Payment and such interest as may accrue according to this Order are not transmitted to the payee within one hundred and twenty (120) days of the date on which it is due, the payee may move to enforce the payment provisions set forth herein against the District of Columbia.

2. Pursuant to the terms of the Settlement Agreement, Defendant District of Columbia shall pay the Settlement Payment to the ACLU Fund of the National Capital Area, which shall distribute the Settlement Payment as follows:

- $160,000 in equal shares, to the fifty-six total Class Representatives and Participating Class Members;
- $5,000 to the Class Representatives ($1,000 to each of the 5 representatives) for their services as Class Representatives;
- $15,000 to Plaintiff Chelsea Kirk for her individual assault claim;
- $20,000 to Plaintiff Matthew Singer for his individual assault claim; and

- $50,000 (20%) to Settlement Counsel for their fees and expenses.

3. The parties agree to the following statement:

Plaintiffs acknowledge that due to the conduct observed by the Metropolitan Police Department of participants in the demonstration along Columbia Road and 18th Street, NW, on the night of January 20-21, 2005, the officials and officers of the Metropolitan Police Department were justified in taking actions to stop the destruction of property and potential threat of injury to innocent bystanders. The District of Columbia acknowledges that while it believes the group as a whole engaged in unlawful conduct, the District cannot link any individual Class Member to any specific acts of property destruction or any similar illegal acts.

4. Defendant District of Columbia shall maintain the list of Class Representatives and Participating Class Members that Plaintiffs have provided in a secure manner and shall use the list solely for the purposes of implementing this Order.

5. Defendant District of Columbia shall expunge all records in the possession of its Executive Branch (including all records in the possession of the Metropolitan Police Department and the Office of the Attorney General for the District of Columbia) pertaining to the arrests on January 20-21, 2005 or the resulting detention or charge of the Class Representatives and Participating Class Members.

6. Defendant District of Columbia shall also make appropriate efforts, and report its results, to obtain expungement of any federal records (including Federal Bureau of Investigation records) concerning the arrests on January 20-21, 2005 of the Class Representatives and Participating Class Members.

7. The arrests of the Class Representatives and Participating Class Members on January 20, 2005, are hereby declared to be null and void. Each Class Representative and Participating Class Member is authorized to deny the occurrence of his or her arrests that day, without being subject to any penalty of perjury, fraud, or other offense premised upon misrepresentation or deception, in response to any query, whether posed orally or in writing.

This Court shall retain jurisdiction of this case for the limited purpose of enforcing the rights of Class Representatives and Participating Class Members under this paragraph.

8. Counsel for Plaintiffs shall file with the Clerk of the Court, under seal, paper copies of draft orders, one for each Class Representative or Participating Class Member, bearing the case caption and stating as follows:

**ORDER**

The arrest of [INSERT NAME, DATE OF BIRTH, SOCIAL SECURITY NUMBER] on January 20, 2005, in the District of Columbia is hereby declared to be null and void. [INSERT MR. or MS. SURNAME] is authorized to deny the occurrence of [INSERT HIS OR HER] arrest that day, without being subject to any penalty of perjury, fraud, or other offense premised upon misrepresentation or deception, in response to any query, whether posed orally or in writing.

So ordered this ____ day of _____, 2011.

_____
ELLEN S. HUVELLE
United States District Judge

When signed, the Clerk shall file the orders under seal, and mail certified copies to counsel for Plaintiffs: Arthur B. Spitzer, ACLU OF THE NATION'S CAPITAL, 1400 20th Street, NW, #119, Washington, D.C. 20036.

9. By the terms of the Settlement Agreement and this Final Order and Judgment, the Class Representatives and Participating Class Members have conclusively compromised, settled, discharged, dismissed, and released any and all Released Claims, as defined in the Settlement Agreement, against the District of Columbia.

10. No party shall be liable for any other party's fees or costs, except as provided herein.

5

11. The Court shall maintain jurisdiction over the Parties as to all matters relating to the administration, consummation, enforcement and interpretation of the terms of the Settlement Agreement and the Final Order and Judgment.

12. Within five (5) business days of receiving the District of Columbia's payment of the settlement set forth in Paragraphs 1 and 2, above, Plaintiffs shall file a praecipe of dismissal with prejudice.

SO ORDERED.

DATE: 8/1/11

*Ellen S. Huvelle*
ELLEN S. HUVELLE
United States District Judge

Notice to:

Michael D. Jones
Tyler D. Mace
Peter A. Farrell
Emily P. Hughes
KIRKLAND & ELLIS LLP
655 Fifteenth Street, NW
Washington, D.C. 20005

Arthur B. Spitzer
Fritz Mulhauser
ACLU OF THE NATION'S CAPITAL
1400 20th Street, NW, #119
Washington, D.C. 20036

Daniel M. Schember
Susan B. Dunham
GAFFNEY & SCHEMBER, P.C.
1666 Connecticut Avenue, NW, Ste. 225
Washington, D.C. 20009

Chad R. Copeland
Assistant Attorney General
441 4th Street, NW, Sixth Floor
Washington, D.C. 20001